6590

### SELLERS v. ATLANTIC COAST LINE R. R. CO.

EVIDENCE—PAROL —RAILROADS —PASSENGERS —CONTRACTS—JUDGE.—When in construing a written contract the trial Judge concludes upon its face it is reasonably calculated to mislead a man of ordinary intelligence, it is his duty to receive parol evidence to enable the jury to determine if either contracting party were misled. The words "Charleston and Return" written in ink across the printed matter of a conditional round-trip ticket, have not the effect of making a new contract, nor of rendering the one expressed in print ambiguous nor of cancelling the printing requiring the ticket to be validated in Charleston, as those words were already incorporated in the contract.

Before GAGE, J., Chesterfield, spring term, 1906. Reversed.

Action by Hardy J. Sellers against Atlantic Coast Line R. R. Co. From judgment for plaintiff, defendant appeals.

*Messrs. Willcox & Willcox, Henry E. Davis* and *Edward McIver,* for appellant. The former cite: *The writing across the face of the ticket did not invalidate it:* 26 S. C., 91; 62 S. C., 1. *If no mistake was established case should have been nonsuited:* 67 S. C., 122. *Plaintiff should have read his ticket:* 26 S. C., 91; 39 S. C., 55; 62 S. C., 1; 132 U. S., 146; 49 L. R. A., 454; 9 Cyc., 388; 83 Fed., 427; 14 Pa. St., 496; 91 U. S., 45; 90 Fed., 395; 116 Fed., 545; 17 Fed., 641; 71 Fed., 21; 41 Am. St. R., 30; 32 Am. R., 789; 8 Am. R., 526; 29 Am. R., 163; 28 Am. R., 113; 69 S. C., 327; 46 S. C., 228; 2 Strob. Eq., 154; 97 Am. Dec., 688. *Plaintiff did not allege the ticket was not his contract, and Judge should have construed it:* 17 S. C., 477; 19 S. C., 121; 22 S. C., 288; 24 S. C., 493; 26 S. C., 123; 34 S. C., 90, 233; 45 S. C., 566; 66 S. C., 18. *Conditions of ticket should have been complied with:* 26 S. C., 91; 62 S. C., 1; 38 S. C., 1; 25 Am. St. R., 35; 29 Am. R., 458; 61 Am. Dec., 671; 21 Am. R., 125; 37 Am. St. R., 354. *When passenger may be ejected:* 38 S. C., 1; 6 Cyc., 560; 26 L. R. A., 129; 6 Am. R., 345; 21 Am. St. R., 332; 46 Fed., 734. *Intentionally doing an unlawful act under the belief that it was lawful gives no cause of action:* 62 S. C., 252, 444.

*Mr. W. P. Pollock* and *George K. Laney,* contra. *Mr. Pollock* cites: *It would be a fraud to permit defendant to take advantage of the mistake it caused plaintiff to make:* 132 U. S., 146; 62 S. C., 12; 26 S. C., 91.

July 12, 1907. The opinion of the Court was delivered by

Mr. Justice Gary. This is an action for damages alleged to have been sustained by plaintiff, as the result of certain wrongful acts on the part of the defendant.

The complaint alleges that on or about the 16th of May, 1904, the plaintiff purchased from the agent of the Chesterfield and Lancaster R. R. Co., at Chesterfield, S. C., a round trip ticket, from that point to Charleston and return; that

he was permitted to use the ticket on the trip from Chester-field to Charleston, but on the return trip the conductor of the Atlantic Coast Line R. R. Co. refused to accept the ticket, and put him off the train at a point about seven miles from Charleston, where there was no shelter or other con-veniences, in consequence of which he was compelled to walk back to Charleston; that the conduct of the conductor in so doing was wilful, wanton and unlawful; that he was about seventy years of age, infirm, not accustomed to travel, ignorant of its methods and customs, and on account of his lack of experience of such matters, and his extreme age, was not possessed of ordinary intelligence as to such matters; that when he purchased the ticket he did not read it, and knew none of its conditions until he presented it to the con-ductor, who informed him that it was not good because he had not signed it and had it stamped as required by its terms; "that plaintiff noticed that there was some printed matter on the said ticket, but the same was written across in pen and ink with the words, 'Charleston, S. C., and Re-turn,' and plaintiff thought that the said ticket so indorsed or written across was simply a ticket to Charleston, S. C., and return to Chesterfield, and that the printed matter thereon so written across was by such writing cancelled, and had nothing to do with the ticket as so indorsed, and he alleges that by such indorsement or writing across said ticket all the conditions thereon were cancelled; that the said indorsement was made thereon before the plaintiff had signed said ticket, and by the writing thereof by the agent selling same to plaintiff, he was misled if any conditions remained to the ticket, the said selling agent not telling plaintiff anything to the contrary," that by the wilful, wan-ton and unlawful conduct of the defendant he has been dam-aged in the sum of eight thousand dollars.

The defendant answered, admitting the first and second allegations of the complaint, but alleged that the ticket was sold at a greatly reduced rate, in consideration of which plaintiff agreed to all the conditions and requirements

printed thereon, with which he failed and refused to comply. All the other allegations of the complaint were denied, and defendant, by way of further defense, alleged if plaintiff was ejected from its train, it was because of his failure to present his ticket duly validated, as required by his special contract.

Upon the call of the case defendant interposed a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action for the reasons it appeared upon the face thereof, that there was a failure on the part of the plaintiff to comply with the requirements of the contract, to furnish evidence of his identity, and to sign the ticket in the presence of the agent at Charleston.

The case came on for trial before his Honor, Judge Benet, and a jury at the November, 1905, term of Court for Chesterfield County. The demurrer having been overruled, a trial was had, which resulted in a verdict for plaintiff in the sum of $2,000.

On a motion for a new trial it was ordered that the verdict be set aside and a new trial granted, unless plaintiff would remit all except $750. Plaintiff having refused to remit, the cause came on for the second trial, before his Honor, Judge Gage, and a jury at the Spring, 1906, term of Court for Chesterfield County. The demurrer was again interposed and overruled. The jury rendered a verdict in plaintiff's favor for $2,500, and the defendant has appealed upon exceptions covering twenty-two pages.

The vital question in the case involves the construction of the contract, and this question will be solved by ascertaining the force and effect of the words: "Charleston, S. C., and Return," written in ink upon the face of the ticket.

The ruling of the presiding Judge upon this question was as follows:

"When you purchased the ticket did you or not read the ticket—read all this printed matter on it? A. No, sir; I did not. Q. Did you read any of that printed matter? A. No, sir; I read nothing. I thought it was all right. I didn't

read it. Q. Did you notice, when you bought it, this writing across it? A. Yes, sir. Q. What effect did you think that had on the ticket, or on the printed matter under it? Objected to.

"The Court: As held by our Supreme Court, if a purchaser signed a ticket of unequivocal meaning, the law presumes him to have known what was in it, whether he actually knew or not. The Courts say, however, if the ticket was received under a mistake, which I understand to be a mistake of fact, that the party is not bound. Now, the ticket in evidence here, in my judgment, is in effect two tickets. One of them is set out in the printed matter and signed by the party, and the other is a statement in ink across the face of it, that it is for 'Charleston, S. C., and Return.' Now, if, as a matter of fact, that indorsement across the face of the ticket led the witness to believe that this was a straight ticket, without conditions, from Chesterfield to Charleston and return, he ought to be allowed to say so, because, at best, it is a doubtful contract. The writing across the face of it makes it doubtful; and it seems to me in the last analysis, it being doubtful, it is a question that would have to be left to the jury whether or not he bought an 'iron-clad' ticket or bought a straight ticket to Charleston and return. Now, that is the way it seems to me on short notice. There is no charge of fraud and no charge of misrepresentation, but a mistake—that the man bought it under a mistake."

The construction of a written instrument persents a question of law, to be determined by the Judge, and is not to be submitted to the jury, unless its language is ambiguous, requiring explanatory testimony. *Ky. Wag. Mfg. Co.* v. *People's Supply Co.,* 77 S. C., 92.

When, however, the Judge, in construing the instrument, concludes that upon its face it is reasonably calculated to mislead a man of ordinary intelligence, then it becomes his duty to allow the introduction of parol testimony, for the purpose of enabling the jury to determine whether the individual in the particular instance was misled.

The cases of *Bethea* v. *R. R.*, 26 S. C., 91, 1 S. E., 372, and *Daniels* v. *R. R.*, 62 S. C., 1, 39 S. E., 762, show that ordinarily a person purchasing round-trip ticket, is not entitled to return passage thereon, unless he complies with the requirements of the contract as to signing in the presence of the agent, at the point from which his return trip commences.

The words "Charleston, S. C., and Return" do not change the terms of the contract in any respect, as similar words were already a part thereof. The mere insertion of words already forming part of a contract, can neither have the effect of making a new contract, nor of rendering it ambiguous, in which case it would be necessary to resort to parol testimony explanatory of the ambiguity, and this would present a question to be determined by the jury.

It appears upon the face of the contract that the words, "Charleston, S. C., and Return," could not reasonably be construed as having any other object (if they were intended to have any effect whatever), than that of convenience in advising the conductor at a glance, as to the nature of the ticket. Therefore, it cannot be successfully contended that they were reasonably calculated to mislead a person of ordinary intelligence.

The exceptions raising this question are sustained.

Under this construction of the contract the plaintiff was not entitled to any damages, arising out of the failure to transport him as a passenger on his return trip.

Nor do we find any testimony from which it could reasonably be inferred that he was ejected from the train by the conductor, in such a high handed manner as manifested a disregard of the plaintiff's rights. The case falls within the principle announced in *Gwynn* v. *Tel. Co.*, 69 S. C., 434, 48 S. E., 460.

These views render unneessary the consideration of the exceptions *seriatim*.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.