POOLER v. SMITH.

1. EVIDENCE—APPEAL.—Objection to evidence not stating ground will not be considered on appeal.
2. IBID.—WITNESS—CONTRADICTION.—A party cannot contradict his own witness by asking him if he had made a contradictory statement, even when the witness has taken him by surprise.
3. APPEAL.—If presiding Judges do not state issues correctly it is duty of appellant to call attention to misstatement.
4. REAL PROPERTY—TITLE.—Where a defendant simply denies title in plaintiff, he may show title in a third person.
5. PARENT AND CHILD.—CHARGE that a child, the issue of a man and woman lawfully married, is presumed to be legitimate, but it may be rebutted, states a correct legal principle, and if appellant desired fuller instructions, he should have so requested.
6. PLEADINGS—TITLE—MARRIAGE—PREPONDERANCE OF EVIDENCE.—An allegation of title or of marriage must be proved by the preponderance of the evidence.
7. EXCEPTION alleging no error will not be considered.
8. CHARGE.—If a request be substantially charged, that is sufficient.
9. REAL PROPERTY.—CHARGE that if A. was the widow of B., she would not be in unlawful possession, is a correct legal proposition, is not a

charge on facts; and if appellant desired more specific charge on that point, he should have so requested.

10. New Trial.—There being evidence here tending to support the verdict, it is not error of law to refuse a new trial.

Before Aldrich, J., Darlington, December, 1904. Affirmed.

Action by James Pooler *et al.* against Phyllis Smith. From judgment for defendant, plaintiffs appeal on following exceptions:

"1. His Honor erred in admitting, over plaintiffs' objection, upon cross-examination of the witness Pooler, evidence of cohabitation and general repute of the defendant and the intestate Edwin Ervin. (a) Because it was collateral testimony, and not responsive to anything drawn out in chief examination. (b) Because it was irrelevant and incompetent as proof of marriage between Edwin Ervin and Phyllis Smith.

"2. His Honor erred in admitting, over plaintiffs' objection, upon cross-examination of the witness Pooler, testimony to the effect that the intestate acknowledged Henry and Ed. Ervin, Jr., as his sons. (a) Because it was incompetent as proving their legitimacy, so as to inherit his estate. (b) Because they are not parties to this action, and are claiming no interest. (c) Because it is not responsive to anything stated by the witness in chief, nor is responsive to any of the issues raised by the pleadings.

"3. It being clearly shown that the witness Wiliam Harvey was sacrificing the plaintiffs and was hostile, his Honor erred in not allowing plaintiffs to show that the witness had made contrary statements just before the trial, to wit: by not allowing him to answer the following question: 'Didn't you at that time say that your recollection was clear that these children were born prior to their marriage?' The error being this: he denied the plaintiffs the right of protection before the jury, showing that the witness had re-

cently been brought under the influence of the defendant, and was testifying contrary to what the plaintiffs expected. (b) Because it led the jury to believe that the witness' version was substantial, regardless of any contradictory statements he had made.

"4. His Honor erred in admitting, over plaintiffs' objection, upon cross-examination of the witness Pooler, evidence of cohabitation and general repute of the intestate Edwin Ervin and Phyllis Smith, as proof of marriage between them. (a) Because the principal fact of such marriage had not been established by any testimony before the jury. (b) Because it led the jury to believe that cohabitation and general repute was sufficient to show the existence of marriage in a case of this kind. (c) Because it led the jury to believe that even though an actual marriage may have never occurred, yet the jury may infer it from such testimony. (d) Because it was merely hearsay, and not admissible.

"5. Because his Honor erred in charging the jury the following: 'Phyllis Smith, according to the allegations of the complaint, was not the widow of Edwin Ervin, the intestate. Phyllis Smith alleges that she was, or denies the allegations of the complaint. She denies the charge that she was not his wife and his widow.' (a) Because, it is respectfully submitted, there is no such allegation in the complaint and no such denial in the answer. (b) Because it is a charge upon an assumed fact.

"6. Because his Honor erred in charging the jury the following language: 'There is an allegation, you recollect, that he left no children. The answer of the defendant denies that. Now, that is a question that you must pass upon.' (a) Because there is no such allegation in the complaint or answer. (b) Because if there were such children, they were not claiming and are not parties to the action; and (c) Because there was no competent testimony to base such charge upon.

"7. His Honor erred in charging the jury in the following language: 'As to the legitimacy of a child, if you bring up

that question, it is simply a question of fact; but the law in this State is, for the peace and repose of families, and for the good of society, that a child, the issue of a man and woman lawfully married to each other, are presumed to be legitimate children. And that presumption prevails.' (a) Because it ignored the necessity of considering whether such children were born prior or subsequent to the marriage. (b) Because it led the jury to believe that although the children were born prior to marriage and illegitimately, yet by a subsequent marriage of the parties, such children became legitimate. (c) Because the whole and undisputed testimony in this case showed that the children were born long before marriage, if there were ever any marriage; and (d) Because it was, at least, in effect, a charge upon the facts, and in violation of the Constituion of '95, art. I., sec. 26.

"8. His Honor erred in refusing to charge the plaintiffs' first request to charge (see requests to charge). Because it embodies a sound proposition of law and was applicable to the case. The request was as follows: 'I. That where facts are shown which are sufficient to throw doubt upon the reality of a transaction, the burden of proof is shifted to those who know the truth, and where they fail to furnish information within their knowledge, the presumptions of law are against them.'

"9. He committed error of law in stating to the jury the following isolated words: 'That, in some instances, may be a correct statement of the law, but an allegation of marriage or an allegation of title is one of those allegations that when plaintiffs put them in their pleadings, they must prove them by a preponderance of evidence.' Because all statements in the complaint relating to marriage could at most amount to a negative averment of a fact wholly within the knowledge of the defendant, of which slight proof only would be sufficient.

"10. He erred in reading to the jury, then refusing to charge them, plaintiff's fourth request to charge (see requests to charge). Because it embodied a sound proposition

of law, and was applicable to the case. The request was as follows: 'IV. That if the jury conclude from the testimony that the defendant, Phyllis Smith, is in the unlawful possession of this land, took all the rents and profits exclusively to herself, the jury should find such rents and profits for the plaintiffs from the time she went into such possession till the present time. But if the jury should conclude that she was married to the intestate Edwin Ervin, but bore no children to him under the marriage, then the jury should find one-half of such rents and profits for the plaintiffs in the proportions set out in the complaint, and the remaining one-half to the defendant.'

"11. He erred in charging the following isolated statements: 'If Phyllis Smith was the widow of Edwin Ervin, she would not be in unlawful possession.' Because such language assumed and led the jury to believe that she was the widow, in lawful possession, and is, therefore, a charge upon the facts, and in violation of the Constitution of '95, art. V., sec. 26. The assumed fact is denied, and there is no competent testimony to the contrary.

"12. His Honor erred in not granting a new trial on motion of plaintiffs, for the reason that the jury had found nothing for the plaintiffs. (a) Because the whole and undisputed testimony shows that the two children, Henry and Ed., were born long before the marriage of the intestate, Edwin Ervin, and Phyllis Smith, if such marriage ever occurred. (b) His Honor, recognizing that the testimony was undisputed on that point, erred in refusing the motion, simply because the jury had passed upon it. (c) Because the verdict was against his Honor's charge. (d) There being no evidence, Judge had no discretion to refuse new trial.

"13. His Honor erred in refusing to set aside the verdict, in that there is no testimony to support it. (a) Because there is no testimony going to show that Edwin Ervin and Phyllis Smith ever came together, taking each other for, and declaring themselves man and wife, in the presence of wit·nesses or any one. (b) Because, while there is no testimony

of marriage, plaintiffs offered testimony going to show that the intestate was not married."

*Mr. S. S. Davis,* for appellant, cites: *No issue of marriage is raised by pleadings, and evidence thereon is incompetent:* 1 Green. on Ev., secs. 51, 52; 38 Mich., 10. *Illegitimate child cannot become legitimate by subsequent contract:* 69 S. C., 404; 61 S. C., 411. *If witness take party by surprise, he may contradict him:* Green. Ev., secs. 44, 49. *Fact of marriage should not be proved by repute:* 1 Green. Ev., secs. 110, 111, 137, 138; 69 S. C., 404. *Charge should be confined to issues made:* 70 S. C., 11; 68 S. C., 153; 66 S. C., 18. *Burden is on party who knows the fact:* 10 Gen. Dig., 1695; 1 Green. Ev., sec. 79. *As to charge on facts:* 68 S. C., 153; 37 So. R., 749. *New trial should have been granted:* 65 S. C., 204; 49 S. C., 454; 54 S. C., 599; 57 S. C., 289; 58 S. C., 215; 68 S. C., 35.

*Messrs. E. Keith Dargan* and *W. F. Dargan,* contra. *Mr. W. F. Dargan* (oral argument).

November 27, 1905. The opinion of the Court was delivered by

Mr. Justice Gary. This is an action for partition of land. The complaint alleges that Edwin Ervin died intestate seized and possessed of the land therein described and leaving as his heirs at law his brothers and sisters described in the complaint; that the defendant Phyllis Smith is in the unlawful possession of said land and claims the same under a pretended marriage with intestate. The defendant denied the material allegations of the complaint. The jury rendered a verdict in favor of the defendant. The plaintiff appealed upon exceptions which will be set out in the report of the case. The exceptions will be referred to by their numbers

First, second and fourth exceptions: The appellant did not state the grounds of objection to the testimony. The exceptions cannot, therefore, be sustained.

Third exception: The ruling of his Honor, the presiding Judge, is sustained by the following authorities: *Perry* v. *Massey*, 1 Bail., 32; *Farr* v. *Thomson*, Cheves, 44; *Bank* v. *Shier*, 4 Rich., 240; *Bauskett* v. *Keitt*, 22 S. C., 187.

Fifth and sixth exceptions: These exceptions relate to the issues presented by the pleadings. If the presiding Judge did not state the issues correctly, it was the duty of the appellants' attorneys to call attention to such fact. Furthermore, the defendant had the right to show that the title to the land was in a third person not a party to the record. *Sutton* v. *Clark*, 59 S. C., 440.

Seventh exception: His Honor not only charged in the manner set forth in the exception, but added: "It may, however, be rebutted, where you bring positive proof to show that the child could not be the lawful child of a man and his wife." This was a correct proposition of law, and if the plaintiffs desired fuller instructions, it was their duty to present requests to that effect.

Eighth and ninth exceptions: The language of the presiding Judge refusing the request is set forth in the ninth exception, and states a satisfactory reason for refusing to charge the same.

Tenth exception: No errors are specified. It does not appear from the record that the request was refused, but, on the contrary, it was substantially charged.

Eleventh exception: The request embodied a sound proposition of law, and was properly charged. If the appellants desired a more specific charge, it was incumbent on them to prepare a request to that effect.

Twelfth and thirteenth exceptions: These exceptions relate to the refusal of the motion to grant a new trial. There is testimony tending to sustain the verdict of the jury, but we do not deem it necessary to cite it at length.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

THE CHIEF JUSTICE *did not participate in this opinion because of illness.*