## GWYNN v. CITIZENS' TELEPHONE CO.

1. Common Carrier.—Telephone Companies are common carriers. *State ex rel. Gwynn* v. *Citizens' Telephone Co.,* 61 S. C., 83, affirmed.

2. Counter-claim.—Damages arising to defendant out of breach of contract may be set up as a counter-claim in an action for failure of defendant as a common carrier to furnish plaintiff telephonic connection over its system.

3. Public Policy.—A contract between a customer and a telephone company to put in a telephone and give telephonic connection upon condition that customer refrain from using another system, is void as against public policy.

4. Exception based on objection to evidence without stating grounds will not be considered.

5. Damages—Vindictive.—In an action against a telephone company for vindictive damages for failure to put in a telephone, evidence that its switch-board and lines were so full that it could not put on the additional wire, and that others were refused for the same reason, is competent in mitigation of damages, but not as a defense.

6. Charge that "if a telephone company intentionally does an act with intent to deprive a citizen of the right to use one of its phones after tender of pay demanded * * * then such company is guilty of such wilfulness and wantonness as would warrant a verdict against it for vindictive or punitive damages," is on the facts.

7. Damages—Punitive.—An act based on the belief that it was legal and done for the sole purpose of protecting actor's right, will not subject actor to vindictive or punitive damages, and there is no evidence here warranting punitive damages.

Before Buchanan, J., Spartanburg, January, 1904. Reversed.

Action by J. B. Gwynn against Citizens' Telephone Co. From judgment for plaintiff, defendant appeals.

*Messrs. Simpson & Bomar,* for appellant, cite: *Journal of constitutional convention may be referred to in construing Constitution:* 8 Cyc., 740; 52 S. C., 217; 4 Ell. on R. R., sec. 1616. *What contracts are void as against public policy:* 2 Pom. Eq. Jur., sec. 934; 30 S. C., 418; 139 U. S., 79.

*What acts subject party to exemplary damages?* 2 Suth. on Dam., 1093; Thomas on Neg., 476; 29 S. C., 271; 62 S. C., 270; 64 S. C., 423; 16 Ency., 1 ed., 392, 395; 54 S. C., 507; 60 S. C., 75; 65 S. C., 42; 27 Ency., 1023.

*Messrs. Sanders & DePass,* contra, cite: *Counter-claim could not be interposed here:* Code of Proc., 171; 20 S. C., 258; 40 S. C., 393; 25 S. C., 506; 26 Am. St. R., 913. *Duties of telephone companies:* 27 Ency., 2 ed., 1021-2; 47 Am. St. R., 798; 18 Id., 148; Hutch. on Car., secs. 292, 293; 61 S. C., 83; 29 S. C., 265; 40 Am. Dec., 773.

July 23, 1904. The opinion of the Court was delivered by

MR. JUSTICE GARY. The complaint alleges that on or about the 8th day of February, 1900, the plaintiff applied to and demanded from the defendant the use of the Citizens' Telephone in plaintiff's store in said city and for proper connections with all of defendant's subscribers, but that the defendant negligently and wilfully failed and refused plaintiff the use of said telephone unless plaintiff would consent to a prohibition against the joint use of the Bell telephone of the Southern Bell Telephone and Telegraph Company, which prohibition plaintiff refused to consent to.

That plaintiff was thereby deprived of the use of said telephone, and was cut off from telephonic connection with many of his customers, who had said Citizens' phone only, thereby losing their custom and was otherwise injured, to the great annoyance, trouble, loss and damage of plaintiff in the sum of $2,000.

The defendant denied the allegations of negligence and wilfulness, and set up as a defense substantially the allegations which were also pleaded as a counter-claim. The defendant also alleged that at the time demand was made upon it, to put in another telephone for the plaintiff, its switchboard and lines were so crowded and there were so many demands upon it, that it could not at that time have com-

plied with plaintiff's demands, even upon the terms upon which the original agreement was made.

The counter-claim was as follows:

"For further answer to the complaint herein and as and for a counter-claim against the plaintiff, the defendant alleges that some time prior to February 8th, 1900, the plaintiff, for value received, made and entered into a written contract with this defendant, whereby the plaintiff agreed, in consideration of the low rate charged for the use of defendant's telephone and telephone service, that he would for five years from the date of said contract take and use the telephone and the service of this defendant exclusively, in his place of business, and would not during the time of the existence of said contract use any other telephone in connection therewith. That for a time the plaintiff complied with the terms of the said contract, but that shortly before the said 8th of February, 1900, the said plaintiff wilfully, wantonly and maliciously, and with the intention of causing injury to the defendant, rented and began the use of another telephone in his place of business, in violation of the terms of his said contract, and continued to rent and use the same, and wilfully refused to comply with the terms of said contract, all of which tended to the disorganization of defendant's business, causing it great annoyance, inconvenience and loss, and that because and by reason of the said acts and conduct of plaintiff, this defendant suffered damage in the sum of $2,500, and for this sum defendant sets up a counter-claim herein."

The plaintiff moved to strike out the allegations of the answer on the ground that they were irrelevant and redundant, and interposed a demurrer to the counter-claim on the ground that it did not state facts sufficient to constitute a counter-claim. His Honor, the presiding Judge, ruled that the allegations set up as a defense should not be struck out, as they contained allegations properly to be considered by the jury in mitigation of damages. He sustained the demurrer to the counter-claim.

The jury rendered a verdict in favor of the plaintiff for $400.

The defendant appealed upon the following exceptions:

"1. In holding that the portions of defendant's answer referred to in the plaintiff's notice to strike them out did not constitute a defense in this action, in that the defendant was a common carrier, and was bound upon demand to furnish the plaintiff a telephone, and having failed to do so, was liable for damages therefor; and that the previous failure of the plaintiff to keep his contract constituted no ground for the defendant's failure to furnish him a phone, and no ground in this action to defeat plaintiff's right to damages for such default of the defendant; when he should have held that the defendant, under the Constitution and laws of the State of South Carolina, was not, and is not, a common carrier; and that it had the right, if plaintiff had failed to keep his contract with the defendant, to refuse further to furnish him one of its telephones.

"2. In holding that the portion of defendant's answer referred to in the plaintiff's demurrer thereto did not constitute a cause of action as a counter-claim against the plaintiff, and in sustaining the demurrer to that portion of the answer. (a) If the plaintiff had previously made a contract with the defendant and he had broken his contract, the defendant had a right of action against him for damages therefor. (b) Having such right of action against the plaintiff, the defendant had a right to set it up as a counter-claim in this action, as such cause of action arose out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, and was connected with the subject of the plaintiff's action.

"3. In holding that the plaintiff had the right to show by testimony, that the defendant threatened to take the telephone out of plaintiff's residence, when there was no allegation in the complaint to which this testimony was responsive, and in not sustaining the defendant's objection to the plaintiff's testimony with reference thereto.            ·

"4. In holding that the defendant did not have the right to

show by the evidence in justification of its contract with the plaintiff and others for the exclusive use of its telephones, the kind and character of the competition it then had with the Bell Telephone Company, and the financial strength of said company, and in sustaining the plaintiff's objection to the testimony of H. B. Carlisle, one of the directors of the defendant company, with reference to this matter.

"5. In holding that the defendant did not have the right to show by testimony in support of the allegation in its answer that it did not have the means to supply telephones to the plaintiff and others then desirous of using them—that other persons besides the plaintiff were unable to get instruments from the defendant at that time for that reason—and in sustaining the plaintiff's objection to the testimony of J. R. Bain tending to show these facts.

"6. In not sustaining the defendant's motion for a nonsuit on the grounds upon which it was based, to wit: (a) That so far as compensatory damages were concerned, there was no evidence tending to show that the plaintiff had suffered any damage or loss whatsoever in the matters complained of in the complaint. (b) That so far as vindictive damages were concerned, there was no evidence tending to show that the defendant had been guilty of any malicious, wilful or wanton conduct in refusing the use of one of its telephones to the plaintiff. For these reasons, the defendant insisted upon its motion for a nonsuit, and insists here that it was error for the Circuit Judge to refuse it.

"7. In charging the jury that it was utterly immaterial, so far as actual defenses or justification was concerned, whether the plaintiff, Gwynn, had broken his contract or not, as such conduct upon his part was no justification for the refusal of the defendant to further furnish one of its telephones, but that the defendant was a common carrier, and was bound to furnish such telephones, irrespective of plaintiff's previous conduct; when we submit he should have charged the jury that the defendant was not a common carrier, and had the legal right to furnish its instruments to or to withhold them

from the plaintiff or any other persons at its will and plea-
sure.    In this connection defendant alleges error: (a) In
charging plaintiff's first request to charge, 'That a telephone
company incorporated under the laws of this State for the
purpose of transmitting intelligence for the use of the public,
is a common carrier of intelligence.'    (b) And in charging
his second request to charge, 'that a common carrier of
intelligence, such as a telephone company, is bound under the
law to furnish a citizen the use of one of its telephones within
a reasonable time after the pay for such use is tendered and
demand made upon it for such telephone.'

"8. In charging the jury, as requested by the plaintiff's
fifth request to charge, as follows: 'If a telephone company
intentionally does an act with an intent to deprive a citizen
of the right to use one of its telephones after tender of pay
and demand upon it for such use, then such company is guilty
of such wilfulness or wantonness as would warrant a verdict
against it for vindictive or punitive damages,' the error
being: (a) That such instruction was a charge upon the
facts, in violation of the Constitution of the State of South
Carolina, in that it took away from the jury the question
whether the refusal to furnish the telephone in this case was
or was not such wilfulness or wantonness as would warrant
a verdict for punitive damages—if such refusal was with
the intent to deprive the plaintiff of the right to use such
telephone.    (b) That for the defendant to refuse the use of
one of its telephones to the plaintiff under the belief that it
had a legal right to do so and for the sole purpose of pro-
tecting its own rights, would not be such wilfulness or wan-
tonness as would warrant a verdict for punitive damages,
even though such act on its part was with an intent to deprive
the plaintiff of its telephone—that is to say, to exercise its
legal right to withhold such telephones from him.    Wilful-
ness and wantonness, which would warrant a verdict for
punitive damages, must include some element of intent to
deprive another of a right or do him a wrong, knowing that
he had the right, or knowing that it was a wrong—and must

be something more than the mere assertion by one of what is conceived to be his legal right.

"9. In charging the jury as follows: 'Now, from what I have said, you see that every citizen has a right to the use of a common carrier of intelligence, upon showing a willingness to comply with the terms required with every one else, such use and privilege must be given him, and if it is not, he has a cause of action against the common carrier, in which action he may recover compensatory damages; and if it is done wilfully and maliciously, then, in addition to compensatory damages, vindictive and punitive damages. If the common carrier has had a financial loss and cannot carry out its obligations to the public, the public are not concerned whether the corporation is in straits. Therefore, the law says you carry in accordance with the requirements of the law. That is no excuse; you must carry all alike, and if it wilfully and maliciously refuses to do so, then it is liable for vindictive damages. If it holds itself out as a common carrier, exercises the right of a common carrier, the law says the duty upon it is not whether you are poor or whether you are rich, or whether your stock is worth thirty cents or one hundred dollars, that is not it; the law says that it does not affect the responsibility to the party; as long as they are common carriers, they are responsible for their obligations to carry all alike. If it be in a financial strait, it might come in as mitigation, but not in justification, nor is it a defense, as long as they are exercising the rights of a common carrier, and take obligations upon themselves, benefits and burdens coming together, they hold themselves out to the public, the law says is a common carrier, and, therefore, persons had a right to consider it a common carrier, and they must carry as required by the law, fulfilling their obligations just as an ordinary citizen, the same obligations rest upon him to carry out his obligations. It may repel the idea of wilfulness, wantonness or maliciousness by showing its condition; but so long as it holds itself out as a common carrier, it must discharge the obligations of a common carrier, and treat all alike.' The error

being: (a) This instruction to the jury took away from the jury and utterly destroyed the defendant's defense, that at the time the demand was made upon it by the plaintiff for one of its telephones, the financial condition of the defendant and the physical condition of its plant was such that the defendant was utterly unable, even if it had been so disposed, to furnish such instrument to the plaintiff. (b) That even if, under the law, the defendant was a common carrier and was bound to treat all its patrons alike, it had the right, if its financial and physical condition was such to demand it, to refuse the use of the telephone to the plaintiff or any other person, and this instruction to the jury took away from the defendant the right to show that such was its condition, was one of the reasons why the telephone was not furnished to the plaintiff when demanded. (c) The charge quoted was, we submit, in conflict with the decision of the Supreme Court in the case of *the State ex rel. J. B. Gwynn* against *Citizens' Telephone Co.,* in which case, under the opinion of the Supreme Court, the defendant had the right, if it could, to justify its refusal to furnish a telephone, by showing that it was unable to do so.

"10. Because the Circuit Judge erred in refusing the motion for a new trial on the grounds upon which such motion was based, and in finding and holding in connection with such motion as follows: (a) That after the decision of the Supreme Court in the case of *the State ex rel. J. B. Gwynn* against *Citizens' Telephone Company,* the law in relation to the questions involved in this litigation was settled, and that such decision settled all issues in this action, and deprived the defendant of the right to make any defense thereto other than to show what facts it could in mitigation of plaintiff's damages. (b) That the defendant set up and had no real defense to this action, when he should have held that the defendant had the right to establish, and did establish, by the great preponderance of the evidence, a complete defense thereto in the following respects: That no actual damage whatsoever was suffered by the plaintiff, and, there-

fore, the verdict should have been in favor of the defendant as to actual damages. That no wilful or malicious conduct was shown, and, therefore, the verdict should have been in favor of the defendant as to vindictive damages. That, in addition to all its other defenses, the defendant was utterly unable at the time the demand was made upon it to furnish to the plaintiff the telephone as demanded, and, therefore, the verdict should have been in favor of the defendant. The appellant submits: That the verdict of the jury in respect to these matters of defense was not only against the great weight of the testimony, but was without any evidence to sustain it, and, therefore, the refusal of the Circuit Judge to grant a new trial was error of law."

The first exception is disposed of by the case of *State ex rel. Gwynn* v. *Citizens' Telephone Co.,* 61 S. C., 83, 39 S. E., 257, 55 L. R. A., 139. Permission was granted the appellant to review this case, but this Court sees no satisfactory reason for receding from the principles therein announced.

In passing upon the second exception, we will first consider whether the counter-claim was obnoxious to section 171 of the Code, which permits a counter-claim when it arises out of one of the following causes of action: "1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim or connected with the subject of the action." The counter-claim unquestionably was connected with the subject matter of the action, for it was the foundation upon which the defendant based its refusal to allow the plaintiff the further use of the telephone.

We will next consider whether the contract alleged in the counter-claim was void on the ground that it was in restraint of trade and against public policy. The modern doctrine is that contracts between individuals are not void on the ground that they are in restraint of trade, unless the provisions thereof are unreasonable. 24 Enc. of Law, 850. But as is said in 9 Cyc., 533-4: "The

reasonableness of contracts in restraint of trade as between the parties is the sole test in those cases only where the public interests are not also involved. Although the contract may be fair and reasonable between the parties, yet if it is so injurious to the public interest that public policy requires that it should not be enforced, it will be held void." In the case of *Fowle* v. *Park*, 131 U. S., 88, the Court said: "Public welfare is first considered, and if it be not involved, and the restraint upon one party is not greater than protection to the other requires, the contract may be sustained. The question is whether, under the particular circumstances of the case and the nature of the particular contract involved in it, the contract is or is not unreasonable."

The contract alleged in the counter-claim was unreasonable because its tendency was to stifle competition between common carriers and to create a monopoly in favor of the defendant.

The third exception cannot be sustained for the reason that, even waiving the objection that it fails to state in what particulars the testimony was incompetent and conceding that it was irrelevant, it was not prejudicial to the appellant, as will hereinafter appear.

The fourth exception must be overruled, as the grounds of objection were not stated when the testimony was offered.

We will next consider the fifth exception. The presiding Judge ruled that the testimony was competent in mitigation of damages, but not as a justification for the defendant's refusal to put in the telephone. In this there was no error.

The sixth exception cannot be sustained, for the reason that there was testimony showing that the plaintiff had sustained actual damages. Under section 186a of the Code, the whole case was, therefore, properly submitted to the jury.

The seventh exception has already been disposed of.

The eighth exception must be sustained on both the

grounds assigned as error.   It was a charge on the facts, because they were susceptible of more than one inference.

The charge stated the law erroneously, in that it eliminated the important fact of knowledge on the part of the telephone company of the plaintiff's rights.   In the latest edition of Sutherland on Damages, vol. 2, page 1093, section 393, in discussing exemplary damages, it is said: ";If a wrong is done wilfully—that is, if a tort is committed deliberately, recklessly or by wilful negligence, with a present consciousness of invading another's rights or of exposing him to injury, an undoubted case is presented for exemplary damages * * * These damages are allowable only when there is misconduct and malice, or what is equivalent thereto.   A tort committed by mistake in the assertion of a supposed right, or without any actual wrong intention and without such recklessness or negligence as evinces malice or conscious disregard of the rights of others, will not warrant the giving of damages for punishment, where the doctrine of such damage prevails."   See, also, *Kibler* v. *Ry. Co.,* 62 S. C., 270, 40 S. E., 556, and *Fort* v. *Ry. Co.,* 64 S. C., 423, 42 S. E., 196.

The questions presented by the ninth exception have already been determined.

All the questions raised by the tenth exception have been considered except the question whether there was any testimony showing actual or punitive damages.   While there is testimony showing actual damages, we have failed to discover in the record any testimony from which it could be reasonably inferred that there was a wilful or wanton disregard of the plaintiff's rights by the defendant.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.

MR. JUSTICE JONES *concurs in the result.*