## SULLIVAN v. SOUTHERN RY.

1. CARRIER—BAGGAGE.—If a carrier sell a passenger a ticket from a point on its line to a point on another line reached by a junctional point at which the connection is not close, it must check his baggage to that point and it cannot require him to accompany his baggage.

    MR. JUSTICE GARY *dissents.*

2. PUNITIVE DAMAGES.—Jury may infer wantonness from conscious failure to observe due care. Refusal of a ticket agent to check baggage of passenger to a point on another line, to which he has sold passenger a ticket, because under rules of his company he could only check to junctional point, throwing the baggage out of the car upon return to him of check to junctional point, and refusing to take charge of baggage thereafter, will support punitive damages.

    MR. JUSTICE WOODS *dissents.*

3. BAGGAGE—CARRIERS.—Code 1902, sec. 2166, prescribing penalty for failure of carrier to check baggage is not exclusive.

4. REHEARING refused.

Before WATTS, J., Greenwood, April, 1904. Affirmed.

Action by B. A. Sullivan against Southern Railway. From judgment for plaintiff, defendant appeals.

*Mr. T. P. Cothran,* for appellant, cites: *Sec. 2166, Code of 1902, is exclusive for wilful refusal to check baggage:* Code 1902, sec. 2207; 26 Ency., 671; 19 Wall., 227; 120 U. S., 747; 112 Fed. R., 724; 12 Am. Dec., 257; 21 Am. Dec., 449; 19 Fed. R., 505; 4 Bar., 2305; 16 Ency. P. & P., 239; 2 McC., 117; 1 N. & McC., 22; 15 S. C., 552; 14 S. C., 35; 40 S. C., 103; 47 S. C., 233.

*Messrs. Sheppards, Grier & Park,* contra, cite: *As to punitive damages:* 54 S. C., 505; 37 A. & E. R. R. Cas., 232. *Sec. 2166 of Code of 1902 is not exclusive:* 63 S. C., 312; Code 1902, sec. 2208; 25 S. C., 53.

The opinion here was filed May 5, 1906, but remittitur held up on petition for rehearing until

May 25, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The plaintiff sought by this action $1,000 damages on account of the alleged wilful and malicious acts of the defendant in refusing to check the baggage of the plaintiff, who was a passenger with a ticket from Abbeville to Greenwood on the 19th of September, 1902, and in throwing said baggage from the train and allowing it to remain uncared for.

The history of the case as taken from the appellant's brief is about as follows: "That on September 19th, 1902, the plaintiff purchased at Abbeville a ticket from Abbeville to Greenwood, and requested the agent to check his baggage accordingly, paying him forty-five (45c.) cents excess baggage charges; the agent, however, checked the baggage to Hodges; plaintiff went to the agent again and directed him to check to Greenwood; the agent wilfully and maliciously refused to do so, repaid the plaintiff forty-five cents and cast the trunk off the train, informing the plaintiff that it might lie out on the ground in the weather so far as he was concerned, that it should not be carried into the depot or baggage room; that the train was moving off then, and plaintiff had to wait until he got to Hodges before notifying a friend at Abbeville to look after the baggage and send it to him at Greenwood; that his damages were $1,000.

"The defendant denied the material allegations of the complaint as above set forth.

"The testimony was conflicting upon what occurred at the depot in Abbevile between the plaintiff and the agent of the company. These facts, however, are beyond dispute: At the time in question, the last train leaving Abbeville for Hodges was the 2:20 P. M. train, the one upon which the plaintiff was a passenger. It connected at Hodges with the train for Greenville; a passenger for Greenwood would have to lie over at Hodges from 2:45 P. M. till 9 or 10 o'clock that night, when the train from Greenwood would arrive at Hodges and carry him on to Greenwood. The defendant

had ·issued instructions to the agent at Abbeville not to check the baggage through to points beyond Hodges, upon the Abbeville Branch, which did not connect at Hodges with the main line train for the passenger's destination.    The reason for this rule was that all baggage from Abbeville to points beyond Hodges was handled directly by the baggage-masters upon the two trains; the agent at Hodges having nothing to do with any baggage except that checked to or at Hodges.    A ticket was sold to the plaintiff from Abbeville to Greenwood and his baggage was checked to Hodges. The plaintiff insisted that his baggage should be checked to Greenwood; the agent insisted that under his instructions he could not do so; the plaintiff handed back the Hodges checks to the agent, ·saying that if the baggage could not be checked to Greenwood he need not check it at all; the excess baggage charge was returned to the plaintiff; the baggage was taken off the train and remained at the station until the plaintiff had it carted over to the Seaboard depot and sent to Greenwood; he remained at Hodges from 2:45 P. M. till about 9 or 10 o'clock that night, when he boarded the train from Greenville and arrived at Greenwood in due time; he did not need his baggage until the next morning, when he received it on the Seaboard; his actual damages were forty-five ('45c.) cents; the price of a through ticket from Abbevile to Greenwood was forty-five (45) cents, twenty-five cents less than the straight fare from Abbeville to Hodges and thence to Grenwood."

We think it is well to produce the Judge's charge and the grounds of appeal therefrom:

### JUDGE'S CHARGE.

"This is an action brought by the plaintiff here against the defendant to recover damages.    He alleges in his complaint that he was a traveling salesman, and carried with him trunks of samples of wearing apparel.    He states that it was the custom of the defendant,·and of other railroads in this State, to carry the samples of traveling salesmen as

baggage upon the same terms and conditions that they carried personal baggage—except that the railroad requires them to pay excess for the carrying of trunks which contain samples. He states that he carried his trunks of samples from Greenwood, S. C., to Abbeville, S. C., and that the defendant was fully informed that the trunks contained samples; that he paid therefor the sum of forty-five cents as excess for carrying this baggage. He alleges that on the 19th day of September, 1902, he went to the depot of the defendant company at Abbeville, S. C., that he paid for that ticket the full fare asked.

"He states that he requested the agent of the said defendant company at Abbeville, S. C., to check his trunks from Abbeville, S. C., to Greenwood, S. C., point to which he had purchased said first class ticket; that he paid the agent of the defendant company at Abbeville, S. C., the sum of forty-five cents for excess baggage. He states that the agent there—instead of checking his trunks to Greenwood, S. C., the point to which he had bought his ticket, and the point to which he had requested that his baggage should be checked—checked them to Hodges; that he then went to the agent of the defendant company and directed him to check his baggage from Abbeville, S. C., to Greenwood, S. C., and that the agent of the defendant company wilfully and maliciously refused to check his trunks any farther than Hodges, although plaintiff had bought his ticket from Abbeville, S. C., and had paid the excess rate on this baggage from Abbeville, S. C., to Greenwood, S. C. He says that the agent of the defendant company then refunded to him the sum of forty-five cents, which he had paid, and wilfully and maliciously caused said trunks to be thrown off, and informed plaintiff at the time he did so that the trunks might lie out on the ground in the weather so far as he—said defendant's agent—was concerned, and that they should not be carried into depot or baggage room. He states further that about the time this took place, the train on which plaintiff had taken passage was moving away, and plaintiff was

obliged to leave said baggage at the place where the agent of the defendant company had wilfully and maliciously cast same until he arrived at Greenwood, S. C., when he notified a friend at Abbeville, S. C., to take charge of it and send it to the plaintiff at Greenwood, S. C., which was done. He states that this act on the part of the agent of the defendant company was wilful and malicious, and that in the presence of other people he was humiliated, and he states further, that by reason of that and on account of delay, trouble and expense which he was put to on account of this act of the agent of the defendant company, and his wilfulness and maliciousness, he has been damaged in the sum of one thousand dollars, and asks judgment for that amount.

"The defendant company denies the allegations of the plaintiff's complaint. That is, they deny that their agent acted maliciously in the premises when he cast those trunks off the train, and that he refused to send them to Greenwood, S. C. The defendant company denies each and everything that the plaintiff alleges.

"Now, those are the issues as made by the complaint of the plaintiff in this case and the answer of the defendant, and upon that you have heard the testimony, and upon that testimony you will apply the law as I give it to you.

"You have got to decide this case. It is my duty to give you the law, and it is your duty—after finding the facts of this case—to apply the law which I shall give you and arrive at a verdict in that way.

"Both counsel, in arguing to you, have referred to the fact that this case has been tried before—when there was a mistrial. With that matter you have nothing whatever to do. You are to try this case exactly the same as though it had never been tried before. You are to try it upon the evidence which you have heard adduced on the stand.

"Now, I charge you, as a matter of law, if the plaintiff in this case went to the agent of the defendant company at Abbeville, S. C., and called for a ticket to Greenwood, S. C., and said agent sold plaintiff a ticket to Greenwood,

S. C., and the plaintiff here paid for that ticket what the agent of the defendant company charged him therefor—then, I charge you, as a matter of law, that it was the duty of the agent of the defendant company to check the baggage of the plaintiff—upon the payment of the excess fare being paid—to the point to which he had purchased his ticket. And if there was no excess baggage, it was the duty of the agent of defendant company to check that baggage to the point to which he sold the ticket. If the agent of the defendant company sold the plaintiff a ticket from Abbeville, S. C., to Greenwood, S. C., then it was his duty to check that baggage to that point to which he had sold him the ticket.

"If the agent of the defendant company refused to check the baggage of the plaintiff, after selling him a ticket—if you believe that the agent did sell plaintiff a ticket from Abbeville, S. C., to Greenwood, S. C., and that was an intentional, high-handed, wilful, malicious and wanton invasion of the rights of the plaintiff here, then, in addition to such actual damage as he sustained—if you believe that he sustained any damages in the premises—you will give him such exemplary damages and smart-money as you think fit to deter the agent of the defendant company or the defendant company from treating anybody else that way. If it was an intentional, high-handed, wilful, outrageous and wanton invasion of plaintiff's rights.

"Now, I charge you, as a matter of law, that if there was a junctional point between Greenwood, S. C., and Abbeville, S. C., where passengers had to change cars on the line of the defendant's road, and if there was no connection made there, then it was not the duty of the agent of the defendant company to sell a ticket or to check baggage any farther than to the junctional point—if no connection was made there. But I charge you farther, as a matter of law, whether they made any connection or not, if the agent of the defendant company at Abbeville, S. C., sold the plaintiff a ticket to Greenwood, S. C., then it was the duty of the said agent

at Abbeville to check plaintiff's baggage from the point at which he purchased his ticket to the point to which he purchased it, because if he assumed to sell him the ticket, and the plaintiff bought one and paid for it, then there was an obligation on the part of the defendant railroad company to check his baggage from the point at which he purchased his ticket to the point to which he purchased it. And if the agent of the defendant company wilfully and maliciously and wantonly and intentionally refused to check his, the plaintiff's, baggage from the point to which he had purchased his ticket to the point to which he had purchased it, then it was an intentional, wilful and high-handed invasion of plaintiff's rights, and in addition to such actual damages as he sustained he would be entitled—if you believe it was a wanton, malicious, wilful and high-handed invasion of plaintiff's rights—to such punitive damages, exemplary damages and damage in the way of punishment as the jury may see fit to award to him, not more than the amount asked for—which is one thousand dollars.

"Now, I charge you further, as a matter of law, that if you are satisfied that when the plaintiff purchased a ticket at Abbeville, S. C.—if you believe that he did purchase a ticket from the agent of the defendant company there—to Greenwood, S. C., and if the agent of the defendant company at Abbeville, S. C., informed plaintiff at the time that he—the agent—could not check his trunks, or baggage, any farther than to Hodges, and if plaintiff accepted this ticket with that statement and with that understanding that—while he was to have a ticket to Greenwood, S. C.—his baggage was only to be checked to Hodges, S. C., then I charge you —if you believe that—the plaintiff here is not entitled to recover anything at all.

"Now, I charge you further, that, if the plaintiff here bought this ticket from Abbeville, S. C., to Greenwood, S. C., and nothing further was said, and he paid for that ticket, it was the duty of the agent of the defendant company at Abbeville, S. C., to check plaintiff's baggage to Greenwood,

S. C.—the point to which his, plaintiff's, ticket had been purchased. If you believe that this ticket was purchased there at Abbeville, S. C., to Greenwood, S. C., and there was a conscious failure on the part of the said agent of the defendant company to observe due care, then the Supreme Court has said that: 'The jury who tries the case might infer wantonness from the conscious failure to observe due care, if they see proper.'

"The plaintiff has requested me to charge you on the following propositions of law:

"Fifth request of plaintiff: 'The jury will consider all of the facts in the case, but are instructed that they are not to be controlled by the mere fact of the amount of actual damages, if the evidence shows a wilful and wanton disregard by the defendant company, or its agent, of the legal rights of the plaintiff.' I charge you that.

"Now, the defendant has requested me to charge you on the following propositions of law:

"'1. A carrier is not obliged to sell a passenger a ticket and check his baggage to a point not reached by the train he proposes to take, nor by the train with which such train makes connection at an intermediate junctional point.' I charge you that, while it is not required to do that, yet, if they do sell a ticket to a certain point, it is their duty to check his baggage to the point to which the ticket is purchased upon the tender of the excess fare or proper charge, if any.

"'2. A carrier has the right to insist that the passenger accompany his baggage on the same train from initial point to destination, and if the passenger's trip calls for such a lay-over as imposes upon the carrier the duty of a warehouseman, the carrier has the right to require the passenger to check his baggage to such lay-over point and to re-check it upon departure of the connecting train to his destination.' I refuse to charge you about a passenger being required to accompany his baggage. I do not know any law that re-

quires any passenger to go on the same train that his baggage is on.

" '3. If a passenger proposes to take a train which, by ordinary and reasonable schedule of the company, does not connect at an intermediate junctional point with a train for his destination, necessitating a lay-over at such junctional point of sufficient length of time to impose upon the carrier the duty of a warehouseman during the interval, he has no right to demand that his baggage be checked through to his destination.' I charge you that, and I charge you further that, while this is good law, that if they do sell a ticket to any point and that ticket is paid for, then it is their duty to check the passenger's baggage from the point where he bought his ticket to the point to which it was purchased.

" '4. I refuse to charge the 4th request on part of the defendant.' (The remedy for wilfully refusing to check baggage, under section 2166, vol. 1, Code of Laws, is exclusive, and under it the defendant, if guilty, is only liable to a forfeiture of ten dollars, to be collected in the manner prescribed in section 2207.)

"Now, gentlemen, I restate to you that if you believe that Mr. Sullivan purchased this ticket, and that at the time he purchased it he was informed by the agent of the defendant company that they could not check his baggage any farther than Hodges, and if he accepted it in that way and accepted that statement, he would not be entitled to recover. But if he bought that ticket from Abbeville, S. C., to Greenwood, S. C., then it was the duty of the railroad company to check his baggage from Abbeville, S. C., to Greenwood, S. C., and if they refused to check it, and that refusal was the result of maliciousness on their part, or of wantonness on their part, or was an intentional, high-handed, wilful invasion of the rights of the plaintiff, then he is entitled to recover not only such actual damages as he sutsained, but such exemplary damages as the jury see fit to award."

25—74

EXCEPTIONS.

The defendant appeals to the Supreme Court from the judgment entered upon the verdict herein upon the following exceptions and grounds of appeal:

"I. Error of the presiding Judge in charging the jury that if the defendant sold the plaintiff a ticket from Abbeville to Greenwood, as matter of law, it was the duty of the defendant's agent at Abbeville to check the plaintiff's baggage from Abbeville to Greenwood.

"Specifications: (1) The contract of carriage evidenced by the ticket implies a contract to *transport* the passenger from the initial point to the point of destination but not necessarily to check his baggage from such point to such point.

"(2) The sale of the ticket does not preclude the carrier from adopting and enforcing such reasonable regulations concerning the checking of the baggage, not strictly conformable to the rules stated by the Circuit Judge, as the circumstances may demand.

"II. Error of the presiding Judge in charging the jury that even if there was a junctional point betwen Abbeville and Greenwood where passengers had to change cars on the line of the defendant's railroad and where there was no connection made, yet if the agent of the defendant at Abbeville sold the plaintiff a ticket to Greenwood, it was the duty of the agent at Abbeville to check the plaintiff's baggage from Abbeville, the point at which he bought his ticket, to Greenwood, the point of destination.

"Specifications: (1) The contract of carriage evidenced by the ticket implies a contract to transport the baggage of the passenger from the initial point to the point of destination, but not necessarily to check his baggage from such point to such point.

"(2) Under the circumstances stated the carrier has the right to adopt reasonable regulations for handling baggage,

which may include the obligation upon the passenger to re-check his baggage at such junctional point.

"III. Error of the presiding Judge in charging the jury that if the agent of the defendant company wilfully, maliciously, wantonly and intentionally refused to check plaintiff's baggage from the point at which he purchased his ticket to the point to which he purchased it, the jury might award punitive damages not exceeding $1,000, the amount claimed in the complaint.

"Specifications: (1) The plaintiff did not have the right to insist upon his baggage being checked through to Greenwood. The contract of carriage evidenced by the ticket implied a contract to transport and not necessarily to check the baggage through to Greenwood. Punitive damages can not be awarded except for the wilful denial of a right.

"(2) The remedy for wilfully refusing to check baggage is under section 2166, vol. 1, Code of Laws, exclusive, and under it, the defendant, if guilty, is only liable to a forfeiture of ten dollars, to be collected in the manner prescribed in section 2207.

"IV. Error of the presiding Judge in predicating the right of the defendant to require the plaintiff to re-check his baggage at Hodges upon an agreement to that effect made by the plaintiff at the time he purchased the ticket.

"Specifications: (1) If Hodges was a junctional point between Abbeville and Greenwood where passengers had to change cars and where there was no connection made, although the agent may have sold the ticket without making any reference to checking the baggage, he had the right under a reasonable regulation of the company to decline to check the baggage to Greenwood and to insist upon checking it to the junctional point and to require the plaintiff to re-check it thence to Greenwood. For the reason that the contract of carriage evidenced by the ticket implied a contract to transport but not necessarily to check the baggage through to Greenwood; the defendant had the right to adopt reasonable regulations, under the circumstances of the case,

for handling the baggage, which may have included the obligation upon the plaintiff to re-check his baggage at such junctional point.

"V. Error of the presiding Judge in charging the jury that the jury might infer wantonness if they found that there was a conscious failure on the part of the agent of the defendant company to observe due care.

"Specifications: The acts warranting punitive damages must proceed from a design to injure, they must be done wilfully, wantonly, maliciously or recklessly. The failure to observe due care is simply negligence, and negligence may arise consciously without the least intention to injure or without partaking of the nature of those acts warranting punitive damages.

"VI. Error of the presiding Judge in modifying the defendant's first request to charge. The request was as follows: 'A carrier is not obliged to sell a passenger a ticket and check his baggage to a point not reached by the train he proposes to take, nor by the train with which such train makes connection at an intermediate junctional point.' The modification was as follows: 'I charge you that, while he is not required to do that, yet, if they do sell a ticket to a certain point, it is their duty to check his baggage to the point to which the ticket is purchased to, upon the tender of excess fare or proper charge, if any.'

"Specifications of error: (1) The contract of carriage evidenced by the ticket implies a contract to transport the baggage of the passenger from the initial point to the point of destination but not necessarily to check his baggage from such point to such point.

"(2) When the destination is a point not reached by the train the passenger proposes to take nor by the train with which such train makes connection at an intermediate junctional point, the carrier even after selling the ticket has the right to decline to check the baggage through and to require the passenger to re-check his baggage at such intermediate junctional point, provided the circumstances of the situation

are such as to render such a regulation a reasonable one for its convenient handling of the baggage.

"VII. Error of the presiding Judge in refusing the defendant's second request to charge, which was as follows: 'A carrier has the right to insist that the passenger accompany his baggage on the same train from initial point to destination, and if the passenger's trip calls for such a lay-over as to impose upon the carrier the duty of a warehouseman, the carrier has the right to require the passenger to check his baggage to such lay-over point and re-check it upon departure of the connecting train to his destination.'

"Specifications: Said request contained correct principles of law applicable to the case.

"VIII. Error of the presiding Judge in modifying the defendant's third request to charge. The request was as follows: 'If a passenger proposes to take a train, which, by the ordinary and reasonable schedule of the company, does not connect at an intermediate junctional point with a train for his destination, necessitating a lay-over at such junctional point of sufficient length of time to impose upon the carrier the duty of a warehouseman during the interval, he has no right to demand that his baggage be checked through to his destination.' The modification was as follows: 'I charge you that, and I charge you further that, while this is good law, that if they do sell a ticket to any point and that ticket is paid for, then it is their duty to check the passenger's baggage from the point where he bought the ticket to the point to which it was purchased.'

"Specifications of error: (1) The contract of carriage evidenced by the ticket implies a contract to transport the baggage of the passenger from the initial point to the point of destination but not necessarily to check his baggage from such point to such point.

"(2) When the destination is a point not reached by the train the passenger purposes to take nor by the train with which such train makes connection at an intermediate junctional point, the carrier even after selling the ticket has the

right to decline to check the baggage through and to require
the passenger to re-check his baggage at such intermediate
point, provided the circumstances of the situation are such
as to render such a regulation a reasonable one for its con-
venient handling of the baggage.

"IX. Error of the presiding Judge in refusing the defend-
ant's fourth request to charge.   The request was as follows:
'The remedy for wilfully refusing to check baggage, under
section 2166, vol. 1, Code of Laws, is exclusive, and under
it the defendant, if guilty, is only liable to a forfeiture of
ten dollars, to be collected in the manner prescribed in sec-
tion 2207.'

"Specifications: The said request contained a correct prin-
ciple of law applicable to the case.

"X. Error in refusing defendant's motion for a new trial
upon the ground that there was no evidence of a wilful or
malicious tort or of such a tort as warranted the infliction
of punitive damages."

We will now examine the exceptions, which are reduced
to seven, in their order. ·

I. The defendant issued a ticket to the plaintiff on the
19th of September, 1902, from Abbeville to Greenwood, and
for this ticket received the compensation fixed by statute.
It makes no difference whether this was a gratuitous act on
the part of the defendant or not; it was its contract
for carriage of the plaintiff from Abbeville to Green-
wood, and it was, therefore, in the power of the plain-
tiff to force the defendant to comply with its said contract,
and when the plaintiff requested a check for transportation
of a trunk in good shipping order, the railroad corporation
was bound to re-deliver such baggage upon the surrender
of its check.   See section 2166, of vol. 1, Code of Laws.   It
is no part of the business of the Courts to consider moral
obligations when a positive requirement of the law lays
down the duty of both passenger and carrier.   The moment,
therefore, the defendant issued its ticket to the plaintiff, then
and there it became bound to issue its check for the bag-

gage, of the passenger from Abbeville to Greenwood. It was no longer an implied contract, it became an expressed contract. This exception is, therefore, overruled.

II. I am at a loss to understand any regulation adopted by the defendant in regard to checking the baggage of the plaintiff, for the statute has spoken and it is the duty to obey the law as it is written, rather than for the defendant to attempt to set up some regulation of its own in contravention of its statutory duty. This exception is overruled.

III. There is nothing in this proposition of the defendant. If the defendant sees proper to carry the baggage of the plaintiff in another train than that by which the plaintiff is carried to his destination; no objection can be made, provided the baggage is delivered at the time the passenger reaches his destination. This exception is overruled.

IV. Wantonness largely enters into a conscious failure to observe due care, *Pickens* v. *R. R.,* 54 S. C., 505, 32 S. E., 567, where it is said: "The element which distinguishes actionable negligence from criminal wrong or wilful tort, is inadvertence on the part of the person causing the injury. He may advert to the act of omission of which he is guilty, but he cannot advert to it as a failure of duty—that is, he cannot be conscious that it is want of ordinary care, without subjecting himself to the charge of having inflicted a wilful injury, because one who is consciously guilty of want of ordinary care is, by implication of law, chargeable with an intent to injure, malice being but the 'wilful doing of a wrong act' * * * negligence and wilfulness are opposites of each other. They indicate radically different mental states. The distinction between negligence and wilful tort is important to be observed, not only to avoid a confusion of principles, but it is necessary in determining the question of damages, since in case of an injury by the former, damages can only be compensatory; while in the latter they may also be punitory, vindictive or exemplary." This exception must be overruled.

V. It is quite true that the remedy for refusal to check bag-

gage as prescribed by section 2166 of the Civil Code which provides a suit for a penalty, yet it is not exclusive. This section 2166 does state that a person guilty of the same shall forfeit ten dollars for each offense, yet section 2207 of the Code provides: "In case of all fines or forfeitures provided for or prescribed in this chapter, such fines or forfeitures shall be collected by an action to be brought in the name of the State against the offending person or corporation in any Court of competent jurisdiction, by the Attorney General of this State or the Solicitor of the Court in which the offense is in whole or in part committed." Section 2166 provides for no remedy to the person injured and whose rights have been invaded, it is like all other criminal statutes. A man may be punished by a prosecution by the State by such assault and battery, yet the person injured by such assault and battery has his action on the civil side of the Court. *McDaniel* v. *Monroe,* 63 S. C., 312. But section 2208 of the chapter of the Code we are considering states: "This chapter (which embraces sections 2166 and 2207) shall not be so construed as to waive or affect the right of any person injured by the violation of any law in regard to railroad corporations from prosecuting or proceeding for his private damages in any manner allowed by law. But the remedy it is hereby given the person injured shall be regarded as cumulative to any and all remedies now given by or existing at law against railroad corporations." *Kaminitsky* v. *R. R. Co.,* 25 S. C., 53.

The case of *Ross* v. *R. R.,* 33 S. C., 478, 12 S. E., 101, cannot be used for the purpose suggested by the appellant, for the statute of this State regulating condemnation proceedings against railroads provides a remedy by its very terms in favor of all private rights invaded by the railroads in securing rights of way. Of course, it is exclusive, and so would the section 2166 have been if it had provided a remedy for the person aggrieved. This exception is overruled.

VI. We do not think that the Circuit Judge committed error when he refused a new trial as he did because there was evidence which tended to show that action of the plaintiff was both wilful and malicious. It is true there was a conflict of testimony, but the jury solved the doubt in favor of the plaintiff's showing. This exception is overruled.

The members of this Court being equally divided in opinion, the judgment of the Circuit Court stands affirmed.

MR. JUSTICE GARY, *dissenting.* The modification of the defendant's first and third requests to charge set out in the sixth and eighth exceptions was erroneous. I also incline to the opinion that the charge mentioned in the first and second exceptions was misleading in the light of the facts in this case, and, therefore, erroneous.

For these reasons I dissent.

MR. JUSTICE WOODS, *dissenting.* While I concur in the view that it was the right of the plaintiff to have his trunk checked to the point of destination named in his ticket, I do not think there was any evidence to warrant a recovery of punitive damages against the defendant for refusing to check beyond Hodges, the junctional point. The statute, while requiring the railroad company to check baggage, does not in terms specify that it shall be checked through to the passenger's destination without respect to junctional points, and the regulation of the railroad requiring re-checking at Hodges was not so obviously in violation of the statute, or so capricious and unreasonable, as to furnish ground for holding the refusal to check through to Greenwood to be a wilful or wanton violation of plaintiff's right. The defendant with perfect honesty of purpose might have supposed it was acting within its rights in making and enforcing the rule, and there was no proof whatever that it did not entertain this belief. The same remarks apply to the refusal of the railroad agent to receive the baggage and thus become again responsible for it after it had been taken off the train and the check and excess charged received back from the

plaintiff, he refusing to give any direction as to its disposition. It seems to me the case falls within the rule laid down in *Gwynn* v. *Tel. Co.,* 69 S. C., 434, 444, 48 S. E., 460, taken from 2d Sutherland on Damages, 1093; "A tort committed by mistake in the assertion of a supposed right, or without actual wrong intention, and without such recklessness or negligence as evinces malice or conscious disregard of the rights of others will not warrant the giving of damages for punishment, where the doctrine of such damage prevails."

Nor am I able to see any basis for punitive damages in the dispute between the passenger and the agent as to the right to have the baggage checked through to Greenwood; each was merely asserting what he supposed to be his right. The verdict of five hundred dollars, all of which except forty-five cents represented punitive damages, seems to me, under the facts of this case, to be unjust, and I think a new trial *nisi* should have been granted.

PER CURIAM. After a careful consideration the Court fails to find that it has overlooked or disregarded any material matter of fact or proposition of law involved.

It is, therefore, ordered, that the petition herein (for rehearing) be dismissed, and the order staying the remittitur is hereby revoked.