## STRICKLAND v. PHILLIPS.

1. RELEVANT EVIDENCE.—It is not reversible error to rule out evidence technically relevant to an issue in the case where same facts had already been proved by same witness without objection. Relevant evidence defined.

2. IBID.—Where the issue is whether plaintiff agreed to take back from defendant a steam engine and to return the purchase money note, if defendant would buy a stock of goods in which plaintiff was interested at a certain price, evidence that the plaintiff was offered by another, after sale to defendant without knowledge thereof, the same price defendant had paid, is relevant to that issue.

Before DANTZLER, J., Greenville, November, 1905. Affirmed.

Action by M. W. Strickland against J. M. Phillips. From judgment for plaintiff, defendant appeals.

*Mr. B. M. Shuman,* for appellant, cites: *Evidence tending legally to prove a fact in issue is relevant:* 11 Ency., 502; 20 S. C., 144. *As to right of cross-examination:* Green. on Ev., sec. 446; 55 S. C., 568; 25 S. C., 319; 11 Ency., 502.

*Mr. Adam C. Welborn,* contra, cites: *Error in ruling out a question is harmless, where the same witness had previously answered same question without objection:* 43 S. C., 96, 122, 129, 208, 209; 51 S. C., 69, 143; 60 S. C., 19. *Exception not based on objection to evidence not considered:* 43 S. C., 295.

October 5, 1906. The opinion of the Court was delivered by

MR. JUSTICE JONES. In this suit upon a promissory note given by defendant to plaintiff for the purchase of a steam engine and boiler, in which defendant plead a discharge or payment by a return of the property under an agreement, plaintiff recovered judgment for the sum claimed, and de-

fendant appeals on exceptions to rulings of the Court in excluding testimony alleged by appellant to be relevant and in admitting testimony alleged to be irrelevant.

In Stephens' Digest of the Law of Evidence, 3d edition, it is stated, "the word 'relevant' means that any two facts to which it is applied are so related to each other that according to the common course of events one, either by itself or in connection with other facts, proves or renders probable the past, present or future existence or non-existence of the other." This is as accurate a statement as the subject will permit. There is no final test as to the relevancy of evidentiary matter to the matter in issue, except the principles of logic, hence the general rule that facts logically relevant to the fact in issue are admissible, and facts logically irrelevant are inadmissible. From the necessity of the case it must be very largely left to the discretion and judgment of the trial Court to determine what is relevant and what is not, and there is a growing disposition in Courts generally, and it is the rule in this Court, not to reverse the ruling of the Circuit Court in such matters, unless some abuse of discretion is shown, or it is made clearly to appear that the case or defense of the complaining party has been injured by the ruling.

The defendant in his answer plead that the consideration of the note in suit was a steam engine and boiler sold defendant by plaintiff for $250; that plaintiff thereafter agreed to take back the property and surrender the note if defendant would purchase a stock of merchandise belonging to the Saluda Mercantile Co., which was then embarrassed and of which defendant was a stockholder and director, and that defendant was thereby induced to purchase and did purchase and pay for said stock in the sum of $3,200, and that thereby said note was paid and discharged. The defendant testified in support of these allegations, but was flatly contradicted by the plaintiff with respect to the alleged agreement. With a view to render probable defendant's testimony as to the agreement, he offered to show that plaintiff was not only a

director and stockholder in the embarrassed company, as alleged in the answer, but was personally liable as endorser on the notes in bank of said company, and, therefore, was particularly interested in effecting the sale of the stock of merchandise so as to pay said notes. The Court ruled that the evidence was irrelevant, as it was not alleged in the answer. The ruling was probably technically erroneous under the principles stated as to relevancy, but as the record shows that the facts sought to be proven were already in evidence by the same witness without objection, and the probative force of the facts, slight at best, could not have been increased by repetition, appellant has in no wise been prejudiced, and certainly the Court did not abuse its discretion This disposes of the first and second exceptions.

The third exception was not argued by appellant, but the point raised illustrates the rule stated as to relevancy. It complains that the Court allowed testimony of an offer by another party to buy the stock of merchandise for the same price that defendant paid, after the sale to the defendant. The testimony admitted was that an offer of $3,200 was made for the stock by another party previous to the sale to defendant, which was increased $50 just after the sale to defendant, but without knowing that the sale had been made to defendant. The evidence was relevant, as the fact of an opportunity to sell the stock of merchandise to another on quite as favorable terms as was offered by defendant would have tendency to negative the claim of defendant that plaintiff had special interest to induce him to buy by cancelling the note in suit.

The judgment of the Circuit Court is affirmed.