6528

## WORTHY v. JONESVILLE OIL MILL.

1. RELEASE FROM TORT BY MINOR.—The general rule that where a release for a tort has been given, no action can be maintained for damages until the consideration has been paid or tendered, does not apply to a release signed by a minor in action brought during minority. Jury should take into account in rendering a verdict to what extent the infant had been benefited by the release and give defendant benefit thereof.

Rules for ascertaining extent of benefit stated.

It is not necessary for the minor to show his assent to release was obtained by fraud or misrepresentation.

2. MASTER AND SERVANT—SAFE PLACE.—That a boy of 18 years who had only worked in an oil mill two days, had not been warned of cogs by which his arm was caught and of which he did not know the existence, because of hulls and dirt having collected thereon, accident

occurring late on a dark, cloudy winter afternoon, the mill being unlighted, is some evidence of failure to furnish a safe place to work.

3. IBID.—ADDITIONAL SAFEGUARDS.—ADMISSION OF EVIDENCE as to placing additional safeguards at a machine after accident on ground that defendant's counsel had raised the issue in examining the same witness, is error, as no such issue was thus raised.

4. HARMLESS ERROR.—CHARGE OF MEDICAL ATTENTION' AS ELEMENT OF DAMAGES.—Where no evidence is offered as to expenses of medical attention, it is error for Judge to instruct jury to take them into consideration, but the error here is harmless, as it was manifestly inadvertent, and the duty of defendant's counsel to call the Court's attention to it.

Before MEMMINGER, J., Union, January Term, 1906. Reversed.

Action by Silas Worthy, by guardian, against Jonesville Oil Mill. From judgment for plaintiff, defendant appeals.

*Messrs. J. Ashby Sawyer* and *D. A. Townsend,* for appellant, cite: *Evidence of adding safeguards after accident incompetent:* 144 U. S., 202; 30 Minn., 465. *Release executed by plaintiff relieves defendant:* 56 S. C., 513; 33 S. C., 561; 66 S. C., 82; 38 S. C., 199. *Contract of minor is only voidable:* 27 S. C., 302; 3 Rich., 165; 3 A. & E. Am. Cas., 592; 3 Brev., 401; 16 Ency., 288; 1 L. R. A., 525. *Rule as to contributory negligence on part of minor applies here:* 25 S. C., 25; 27 S. C., 463; 70 S. C., 550; 7 A. & E. E., 408; 1 A. & E. Ann. Cas., 892; 29 L. R. A., 760; 82 U. S., 15; Thomp. on Neg., 308, 309, 313, 314, 353, 369. *No duty to warn of obvious danger:* 6 L. R. A., 735; 72 S. C., 349; Labatt M. S., secs. 248, 400.

*Messrs Carrel H. Foster* and *DePass* and *DePass,* contra. No citations.

May 1, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. While plaintiff was engaged as a laborer feeding cotton seed cakes to the mill which ground

them into meal, his arm was caught in the machinery and so mangled that it became necessary to amputate it. He recovered judgment against defendant cotton oil mill company for five hundred dollars damages, under the allegation that the injury was caused by the negligence of the defendant in the following particulars: "In failure to inform plaintiff of the danger attendant upon his work, he being a new hand and unacquainted with said danger. In negligently and carelessly allowing a large quantity of cotton seed hulls, dirt, dust and trash to accumulate about and upon said cog wheels which caught plaintiff's hand, which almost entirely hid said cog wheels from view, and rendering it impossible for him to see said cog wheels in their rapid revolutions and avoid the danger of coming in contact with them. In carelessly and negligently failing to furnish sufficient light in the apartment where said 'mill' was situated, to enable plaintiff to see how to perform his aforesaid duties. In carelessly and negligently failing to inspect said room and machinery, which inspection could have disclosed the aforesaid defects. In negligently and carelessly failing to furnish plaintiff with safely protected machinery, and in failing to furnish him a safe place to work."

The defendant appeals and alleges error, first, in the refusal of the Circuit Judge to grant a nonsuit on the grounds: 1st. The plaintiff had executed a release and had not repaid or tendered ten dollars, the consideration received therefor; and 2d, there was no evidence of negligence.

As to the first point, it is to be observed the plaintiff was an infant not only at the time he signed the release but also when the action was brought. The general rule laid down in *Levister* v. *Railroad,* 56 S. C., 508, 35 S. E., 207, and in *Riggs* v. *Association,* 61 S. C., 455, 39 S. E., 614, that where a release of liability for a tort has been given no action can be maintained for damages until the consideration received for the release has been repaid or tendered. But this rule does not apply to an infant who brings suit before he attains his majority. An infant's con-

tract relating to the settlement of torts are no more binding than those relating to other business affairs. *Hanks* v. *Deal*, 3 McC., 257; *Baker* v. *Lovett* (Mass.), 4 Am. Dec., 89. The law, however, will not allow an infant to perpetrate a fraud; and where he executes a release for value the jury should inquire to what extent he has been really benefited by the consideration paid and take that into account in finding a verdict in his favor for damages. On this principle, in *Scott* v. *Scott,* 29 S. C., 420, 7 S. E., 411, an infant who repudiated and had annulled a purchase on her behalf, of a house and lot was required to account for rents for the time she was in possession of the property. The real benefit, however, with which the infant must be charged is not measured by the amount of money paid to him, for the whole of it may have been squandered. The just rule is that the infant should be required to account for so much of the consideration received by him as has been used for purposes the Court would sanction as being necessary for him, and so much as may still be in his hands in such form that the Court could control it for his benefit if his majority has not been attained, or, if it has, for so much as the infant elected to retain on reaching his majority.

The plaintiff being an infant when the suit was brought it was not necessary for him to tender back the consideration of the release before bringing the suit, nor was it necessary for him to show his assent and signature to the release had been obtained by fraud or misrepresentation. Whether the defendant was entitled to have the consideration received from him for the release credited in making up the verdict as to the damages plaintiff had sustained, was a question of fact to be submitted to the jury under the principles above stated, but the defendant could certainly take nothing more than such credit under his release. These views dispose of the motion for nonsuit based on the release and also to the several exceptions to the charge on the same subject.

There was no error in refusing a nonsuit for an entire lack of evidence of negligence on the part of the defendant.

The plaintiff was a negro boy about eighteen years old, who had been working in the mill only two days and had never before worked in a cotton oil mill. He said nobody warned him of the cogs on which he was caught, and he did not know that they were there. There was evidence that the accident occurred about 5 o'clock P. M., on December 6th, the afternoon being dark and cloudy and the mill unlighted. This was some evidence of negligence in failing to furnish a safe place to work.

The exception alleging error in allowing plaintiff, on cross-examination of the witness, Sawyer, to prove the defendant had placed additional safeguards around the machine after the accident must be sustained. The Circuit Judge recognized the rule as laid down in *Farley v. Charleston Basket & Veneer Company*, 51 S. C., 222, 28 S. E., 193, but admitted the evidence on the ground that the defendant's counsel had himself made the issue by his examination of the same witness. From the record it appears the Circuit Judge was mistaken. Sawyer was the superintendent of the mill and testified on behalf of defendant that he went to the place where plaintiff was injured immediately after the accident, and upon examination at that time of the machine and its protection found no defect of any kind, and that the protection and safeguards were the same as they were before plaintiff was injured. This testimony had not the remotest reference to additional safeguards after the accident, but only tended to prove the condition of the machinery at the time it occurred. The irrelevant evidence adduced by the plaintiff on cross-examination of the witness was not made admissible, therefore, by any evidence offered by the defendant. It is true, the witness said the additional safeguard was placed on the right side of the machine while plaintiff was injured on the left, but this distinction is too fine. The evidence was none the less irrelevant and within the reason of the rule as stated in *Columbia etc. Railroad Co.* v. *Hawthorne*, 144 U. S., 202, 207, where it is said: "But it is now settled, upon much con-

sideration, by the decisions of the highest Courts of most of the States in which the question has arisen, that the evidence is incompetent, because the taking of such precautions against the future is not to be construed as an admission of responsibility for the past, has no legitimate tendency to prove that the defendant had been negligent before the accident happened, and is calculated to distract the minds of the jury from the real issue, and to create a prejudice against the defendant."

The plaintiff offered no evidence as to the expenses of medical attention, and on his objection, supported by his statement that he was not suing for the doctor's bill, defendant was not allowed to ask him on cross-examination if defendant itself had not paid the expenses of medical attendance. After this it was error for the Circuit Judge to say to the jury "you can take into consideration the general expenses and medical attendance." The error, however, was so manifestly inadvertent, and it was so obviously the duty of the defendant's counsel to call the Court's attention to it, that it would not be allowed to work a reversal.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the case remanded for a new trial.