6911

PLUNKETT v. CLEARWATER BLEACHERY AND MFG. CO.

1. AN EXCEPTION alleging error in admitting evidence over objection not stating specific ground of objection, and one alleging error, in admission of evidence, on ground not shown in the record to have been urged before the trial court, will not be considered.

2. EVIDENCE AS TO SUBSEQUENT CONDITION OF MACHINERY AFTER ACCIDENT held admissible here, because: (1) it was responsive to the allegations of the complaint; (2) a general objection was made to its admission; (3) similar evidence was admitted without objection; (4) defendant offered photographs of machine in subsequent condition, and machine itself in this condition, and the evidence was admissible in reply. *Divided Court.*

3. CHARGE.—It is not error for Judge to instruct jury, if the facts are found to be according to plaintiff's contention his requests state the law correctly and you must find for him, and the reverse if the facts are found to be as contended by defendant, but "now let me come midway between them," if he thereafter charges no erroneous proposition of law.

4. REHEARING refused.

Before GAGE, J., Aiken, Fall term, 1906. Affirmed.

Action by Herman Plunkett, by guardian *ad litem,* against Clearwater Bleaching and Manufacturing Company. From judgment for plaintiff, defendant appeals.

*Messrs. Hendersons,* for appellant, cite: *Evidence as to repairs after accident incompetent:* 51 S. C., 229; 21 Ency., 520; Wig. on Ev., sec. 283; 36 Am. R., 595; 18 Am. R., 307; 21 L. T. R., 263; 144 U. S., 202; 191 U. S., 69; 91 Cal., 49; 139 Cal., 340; 108 N. Y., 151; 157 Mass., 418; 29 Atl., 408; 116 Ga., 164; 202 Pa. St., 274.

*Messrs. Davis, Gunter & Gyles,* contra. *Evidence as to subsequent condition of machine was admitted to show condition of machine and to elucidate situation:* 51 S. C., 222; 72 S. C., 350; Wat. on Per. Inj., secs. 640, 641, 639; 1 Lab. on M. & S., 284; 20 Ency., 86; 55 Ga., 126; Moore

on Car., 805, note 28; 51 Pa. St., 315; 55 Ga., 126; 1 Tex. Civ. App., 540; 2 Tex. Civ. App., 24; 2 Col., 442. *Evidence admitted without objection on motion to strike out becomes competent:* 52 S. C., 17; 72 S. C., 223; 70 S. C., 323. *Objection should state specific ground:* 63 S. C., 568; 73 S. C., 107. *Evidence in question competent in rebuttal:* Wat. on Per. Inj., secs. 639, 642.

The opinions in this case were filed on April 24, 1908, but remittitur held up on petition for rehearing until

May 13, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages, alleged to have been sustained by the plaintiff, through the negligence and wilful misconduct of the defendant, a corporation engaged in the business of bleaching cotton goods.

The complaint alleges that the plaintiff, on the 14th of November, 1905, was in the employ of the defendant as a laborer, his duty being the steering in of cloth for the soaper, which is not a dangerous position, but that on said day the defendant transferred him to another room, with which he was wholly unacquainted, and failed to notify him of the danger, although he was only ten years of age; also that the defendant failed to provide suitable and safe appliances, but, on the contrary, furnished a piece of machinery consisting, in part, of a revolving shaft, the end of which protruded beyond the gudgeon, or socket which held the same, for a considerable distance, and which was battered and burred in such a manner as to make it dangerous.

The defendant denied the allegations of negligence, and set up the defenses of assumption of risk and contributory negligence.

The jury rendered a verdict in favor of the plaintiff for $3,000.

The first error assigned is, that his Honor, the presiding Judge, allowed the witness Manning DeMedicis to testify

that the defendant "did know that said piece of machinery was in the condition described by the witness, and that it was unsafe and dangerous to persons with any experience, and especially to a person of tender years, as the said Herman Plunkett was, at that time, to work in and around," on the ground that the witness should have been required to state facts showing the knowledge of the defendant company.

This question arose as follows: "Manning DeMedicis if present would testify in substance as follows: 'That the said Herman Plunkett, in attending to his duties, would necessarily have to go around and near the said dangerous part of the machinery, (and that the said Clearwater Bleachery Company did know, or would have known if they had exercised ordinary care, that the said piece of machinery was in the condition above described, and that it was unsafe and dangerous for persons of any experiencce, and especially such a person of tender years as the said Herman Plunkett was at that time, to work in and around; that he would further swear that immediately afterwards, on the same day, that said Manning DeMedicis, by the direction of the Clearwater Bleachery Company, ground off or helped to grind off the said burred edges of the piece of machinery above referred to, and that the other end of the machinery was also split, and the said machinery was soon after that accident thrown aside as being unfit for use).'

"Counsel for defendant object to all of the statement included in the parentheses.

"The Court admitted all of the statement, except the words within the quotation marks, 'or would have known, if they had exercised ordinary care.'"

The objection fails to specify in what particular the testimony was inadmissible, and therefore is too general for consideration. *Colvin* v. *Oil Co.*, 66 S. C., 61, 44 S. E., 381; *Gwynn* v. *Tel. Co.*, 68 S. C., 434; 48 S. E., 460; *Pooler* v. *Smith*, 73 S. C., 102, 52 S. E., 967.

The second exception relates to the testimony of Manning DeMedicis, hereinbefore mentioned, relative to changes made in the machinery after the injury, but as already ruled, the objection was too general.

Third exception is as follows: "That his Honor erred in allowing the witness, Henry Plunkett, the father of the plaintiff, when on the stand, to testify against the objection of the defendant as to the condition of the machinery in question after the accident, and what was done, by direction of the officers of the defendant company, to the machinery after the accident. In that it is submitted that the question to be considered in the case was not the condition of the machinery after the accident, but at the time of the accident, and that it is contrary to the law to permit testimony as to repairs that were made to machinery after the accident in question."

The question under consideration arose during the examination of the witness, Henry Plunkett, as follows: "Q. What became of that, if you know, afterwards? A. Afterwards, it was ground off. Mr. Henderson: We object to that. The Court: He can state it was in a different condition. He can't state it was ground, unless he knows it. Mr. Henderson: May it please your Honor, it has been ruled that the condition of the machinery after an accident of this kind cannot be proven; that the question is its condition at the time. The Court: I think it is competent. Q. Did you examine that end immediately after he was hurt? A. I examined it that morning. Q. When did you see it next? A. The day afterwards. Q. The day afterwards, what condition was it in? A. Ground off; the burrs were ground off each end. Q. It was smooth then? A. Yes."

William Fanning, a witness for the defendant, testified as follows: "Q. Will you look at that and tell me what that photograph represents? A. Yes; this represents what we call the analine black can, etc. Q. Was Herman hurt in your mill? A. Yes. Q. As to the place where Herman got hurt, what does that represent? A. This is a picture of

it. .Q. Were you there when the picture was taken? A. Yes. Q. Who took it? A. Mr. Cripps. Q. Did he take a picture of the frame at which Herman was hurt? A. This is the same frame. Q. Look at this and see if it represents the same frame and location or not? A. Yes. (Photographs marked No. 1 and No. 2.) * * * Q. I understood you to say this represents the frame at which Herman was hurt? A. Yes. Q. On this occasion was the rod burred or not? A. Yes. Q. Plainly seen? A. Yes. Q. From where he was, was it or not, in sight? A. Yes. Q. How far from the place that the burring was plainly seen did you put him to work? A. About 5½ or 6 feet. Q. Good light in that room for him to see the burring? A. Yes. Q. Something has been said about the burring being filed off? A. I emeried it off. Q. When did you do that? A. I should say in the course of two weeks' time. The super came down and told me to have the thing smoothed down. * * * Q. You say this is the frame used at the time he got hurt? A. Yes. Q. But it is not the same spindle? A. No. Q. And the spindle he was hurt on, was burred at that time? A. Yes. Q. And you knew it? A. Yes. Q. How long before that had you known that spindle was in that condition? A. Perhaps four or five months. Q. And you never thought of grinding down that spindle until he was hurt? A. No, I never ground it down. Q. Then you immediately ground it down? A. In the course of two weeks. Q. Did you use it any more afterwards before it was ground down? A. Yes; in the soaper. Q. The same frame? A. Yes. Q. The same spindle the boy was hurt on? A. Yes. Q. And you are sure you did not grind it down the same day or the next day? A. I am certain."

The record also discloses the fact that, in addition to the photographs, the machine which was being used at the time of the injury was introduced in evidence, but not in the same condition as when the plaintiff was injured.

The exception should be overruled for the following reasons:

*First.* The complaint alleges that the end of the shaft was burred at the time of the injury, *and this allegation was denied by the answer.* Testimony to the effect that the end of the shaft was emeried and made smooth, after the accident, tended to show that it was burred at the time of the injury, and such testimony was responsive to the allegations of the complaint. Therefore, the defendant did not have the right to object to the introduction of such testimony. *Martin* v. *R. R.,* 70 S. C., 8, 48 S. E., 616.

*Second.* As the testimony was competent for the purposes just mentioned, a general objection to it could not properly have been sustained. If the defendant desired a ruling by the presiding Judge, to the effect that the testimony could not be considered by the jury, in determining the question of *negligence,* then this should have been made a specific ground of objection.

*Third.* Even if there was error in the said ruling, the objection can not be sustained, as similar evidence was introduced, without objection. *Strickland* v. *Phillips,* 75 S. C., 264, 55 S. E., 453; *Keys* v. *Granite Co.,* 76 S. C., 284.

*Fourth.* After the photographs and machine were introduced in evidence, it was competent for the plaintiff to show that the condition of the machine was then different from what it was when the injury was sustained, otherwise the case would be determined upon subsequent facts, and not upon those existing at the time of the injury.

The authorities cited in the argument of the respondent's attorneys fully sustain this proposition.

In the fourth exception the appellant contends that there was error in charging the jury, as follows: "I have charged the law on both sides, and that means that counsel on each side have delivered the law according to their views of the facts. The plaintiff assumes the facts to be his way, and delivers it that way. The defendant assumes the facts to be their way, and states the law that way. So, if the facts be as the plaintiff assumes them to be you are bound to find for the plaintiff; and if the facts are

as the defendant assumes them to be, you are bound to find for the defendant. Now, let me come midway betwixt them."

The error assigned is, "that when the Judge charged the request to charge of the plaintiff as law, and the request to charge of the defendant as law, that was the law of the case, and to state to the jury what he was going to charge them was midway betwixt them, tended to mislead the jury, and make them believe that the request to charge was not the law."

It is not contended that the presiding Judge thereafter charged any erroneous proposition of law, and the appellant has failed to satisfy this Court that, even conceding there was error, that it was prejudicial.

Judgment affirmed.

MR. CHIEF JUSTICE POPE *concurs.*

MR. JUSTICE JONES, *dissenting.* The plaintiff, a minor, while in the employ of the defendant, in its dyeing room, guiding or steering cloth as it wound upon a wooden cylinder attached to a revolving rod or shaft, running through its center, came in contact with the battered and burred end of the shaft, which projected beyond the socket or gudgeon, and caught his clothing and broke his thigh and leg. In this action to recover for said personal injury the complaint alleged negligence and wilfulness in failing to provide safe machinery and in not warning plaintiff, a boy about ten years old, of the danger. Plaintiff recovered judgment for three thousand dollars.

Appellant's first exception claims error in allowing the witness, Manning DeMedicis, to testify that defendant "did know that said piece of machinery was in the condition described by the witness, and that it was unsafe and dangerous to persons of any experience, and especially a person of tender years, as the said Herman Plunkett was at that time, to work in and around," the objec-

tion being that the witness should have been required to state facts showing the knowledge of the defendant company. The witness was not examined regularly in open court, but counsel for defendant admitted that, if present, he would swear as stated, subject to defendant's general objection to the competency of this testimony. The appellant failed to bring itself within the rule that, in order to review the decisions of the Circuit Court as to the competency of testimony, the record must show the specific ground of objection urged before the Circuit Court or the specified ground upon which the Court rested the ruling. *Colvin* v. *Oil Co.,* 66 S. C., 68, 44 S. E., 380; *Gwynn* v. *Tel. Co.,* 69 S. C., 443, 48 S. E., 460; *Pooler* v. *Smith,* 73 S. C., 107, 52 S. E., 967, and numerous other cases. This rule, which may seem technical to some, is designed (1) to prevent the interruption of a trial by captious or ill-considered objections to testimony; (2) to have the trial Court fairly apprised of the particular ground of objection; (3) to enable the appellate Court to confine its review to the specific point ruled by the trial Court.

*Second and third exceptions.* The witness DeMedicis. over general objection, was permitted to testify further that immediately after the injury, on the same day, the witness, by the direction of the defendant, ground off or helped to grind off the burred edges of the piece of machinery above referred to, and that the said machinery was, soon after that accident, thrown aside as unfit for use.

The witness Henry Plunkett was, over specific objection that the condition of machinery after an action cannot be proven, allowed to testify that the day after the accident the burrs were ground off the end of the rod, and that, after a few days' use, it was put on the scrap pile and a new one put in its place.

The appellant strenuously contends that the rulings were erroneous. The exception to the first mentioned ruling cannot be considered, because the ground of objection was not presented to the trial Court. However, the objection to the

testimony of Plunkett was specific, and to that point our
attention must be directed. In the case of *Farley* v. *Basket
and Veneer Co.,* 51 S. C., 229, 28 S. E., 193, two members
of the Court were of the opinion that testimony tending to
show that defendant, after the accident had occurred, result-
ing in the injury complained, has taken additional precau-
tion to prevent the recurrence of such an action, is not
admissible. The other two members of the Court were of
the opinion that whatever right the defendant had to object
to the testimony in behalf of the plaintiff, as to subsequent
precaution, was waived and the testimony rendered harm-
less by the introduction in its behalf of testimony estab-
lishing such fact. So that the real point of difference among
the members of the Court was not as to the rule stated in the
opinion of Chief Justice McIver, but as to whether appellant,
under the circumstances as developed in that trial, could
invoke its enforcement.

The reasons for the rule, that evidence of repairs and pre-
cautions after an accident is inadmissible to show negligence
at the time of the injury, are so well stated by Chief Justice
McIver in Farley's case, *supra,* that we do not deem it neces-
sary to repeat them, and the question may be regarded as
settled under the case of *Worthy* v. *Jonesville Oil Mill,* 77
S. C., 73. The authorities in support of the rule are
abundant in other jurisdictions; some of which are *Columbia
R. R. Co.* v. *Hawthorne,* 144 U. S., 202; *Shinners* v. *Propri-
etors, etc.,* 154 Mass., 168; 26 Am. St. Rep., 226; *Corcoran*
v. *Peekskill,* 108 N. Y., 151, 15 N. E. Rep., 310; *Georgia
Southern Ry. Co.* v. *Cartledge,* 116 Ga., 164, 42 S. E. Rep.,
405; *Nalley* v. *Hartford Carpet Co.,* 51 Conn., 524, 50 Am.
Rep., 47; *Hodges* v. *Percival,* 132 Ill., 53, 23 N. E. Rep.,
423; *Terre Haute, etc., R. R.,* v. *Clem,* 123 Ind., 15, 23 N.
E., 965; 18 Am. St. Rep., 303; *Hudson* v. *Chicago, etc.,
R. R. Co.,* 59 Iowa, 581, 44 Am. Rep., 692; *Standard Oil
Co.* v. *Tierney,* 92 Ky., 367, 36 Am. St. Rep., 595; 21 Ency.
Law, 2d ed., 519; Elliott on Evi., par. 186.

The unaltered condition of machinery soon after an accident may have reasonable tendency to show its condition at the time of the accident, and possibly where the condition of the machinery at the time of the accident is disputed by' the defendant, and the facts cannot otherwise be shown, it may be permissible to show its then condition by the nature of the alterations or changes made soon after the accident, the jury being cautioned not to consider the testimony as showing negligence or the consciousness of negligence at the time of the accident, but as tending to show only the condition of the machinery at that time.

In this case, however, almost every witness examined for plaintiff, as well as for defendant, testified that the rod had become battered and burred before the accident, and testimony as to the subsequent repairs was wholly unnecessary and unimportant with the view to show the condition of the machinery at the time of the accident. Such could not reasonably have been the purpose of the testimony, and the only effect it could have had was to suggest an inference that the alterations were made because it was negligent to use the machinery in the former condition. The real issue was not whether the rod was burred at the time of the accident, but whether its use in that condition was negligent under the circumstances. The testimony which was admitted made it necessary for defendant to explain when and why the burred end of the rod was emeried, but the fact that this was done ought not to have the effect of relieving the ruling of its harmfulness. We do not think there was, in this case, any waiver by defendant of its right to exclude the testimony, nor was there any such proof by it as to render the testimony harmless. The third exception should, therefore, be sustained.

*Fourth exception.* It is contended that the Court erred in charging the jury as follows: "I have charged the law on both sides, and that means that counsel on each side have delivered the law according to their view of the facts. The

plaintiff assumes the facts to be his way and delivers it in that way. The defendant assumes the facts to be their way and states the law that way. So, if the facts be as the plaintiff assumes them to be, you are bound to find for the plaintiff, and if the facts are as the defendant assumes them to be, you are bound to find for defendant. Now, let me come midway betwixt them."

It is argued that this charge tended to mislead the jury and make them believe the requests to charge by appellant were not law. We do not so construe the charge. It is not contended that the Court charged thereafter any erroneous proposition of law. It was, of course, proper for the Judge to stand midway between the contending parties, to take sides with neither in assuming the facts in dispute, and to declare the law impartially.

The Court being equally divided, the judgment of the Circuit Court stands affirmed.

MR. JUSTICE WOODS *concurs with* MR. JUSTICE JONES.

May 13, 1908. PER CURIAM. After careful consideration of the petition for rehearing, the Court is satisfied that no material question of law or fact has either been overlooked or disregarded.

It is, therefore, ordered that the petition be dismissed and that the order heretofore granted staying the remittitur be revoked.