10828

## HOLMON v. CITY OF ORANGEBURG

### (110 S. E. 674)

1. EVIDENCE—TESTIMONY TENDING TO PROVE ISSUE, AND VIOLATING NO RULE, IS ADMISSIBLE.—If the testimony offered tends to prove a fact in issue, it is admissible unless it violates some rule.

2. APPEAL AND ERROR—IRRELEVANT EVIDENCE IS PREJUDICIAL IF IT TENDS TO CONFUSE.—The admission of irrelevant evidence is reversible error if it tends to confuse the issue.

3. NEGLIGENCE—EVIDENCE OF CHANGED CONDITIONS INADMISSIBLE.— As a general rule, evidence that defendant has changed conditions since the accident is inadmissible, since it tends to prove a confession that a defect existed at the time of the accident, and to permit such evidence would prevent making necessary changes.

4. MUNICIPAL CORPORATIONS—EVIDENCE OF CHANGE AT PLACE OF ACCIDENT, INCIDENTAL TO TESTIMONY AS TO TIME INQUIRED ABOUT, IS NOT ERRONEOUS.—In an action for injuries resulting from a defective sidewalk, where there was evidence that, since the accident, the city had made a large bond issue to improve its streets and sidewalks, the admission of evidence as to a change at the place of the accident, which was merely incidental to the inquiry of a witness as to whether the conditions about which he was questioned were those before or after the changes, did not tend to prove a confession of negligence, and its admission was not error.

5. MUNICIPAL CORPORATIONS—EVIDENCE AS TO OTHER OBSTRUCTIONS HELD ADMISSIBLE TO SHOW NEGLIGENCE IN INSPECTION.—In an action for injuries caused by a defective sidewalk, where the city relied upon evidence of an inspection to negative negligence, evidence as to other obstructions in other places was admissible as tending to show negligence in the inspection.

6. APPEAL AND ERROR—ARGUMENT OUTSIDE OF RECORD HELD NOT PREJUDICIAL.—In an action against a city for injuries caused by a defective sidewalk, a statement by plaintiff's counsel in argument that an attorney from another city had stated that, if the city had to issue $1,000,000 in bonds to repair its streets and sidewalks, they must be in a devil of a fix, was not calculated to arouse prejudice or passion, and does not require a reversal of the judgment for plaintiff.

Before PEURIFOY, J., Orangeburg, March, 1920.    Affirmed.

Action by E. V. Holmon against the city of Orangeburg. From judgment for plaintiff the defendant appeals.

For the former appeal in this case see 113 S. C., 489.

The following were the exceptions of defendant:

(1) Because his Honor erred in permitting the plaintiff's witness, S. A. Blackmon, over objections of defendant, to testify as to changes and repairs made in the sidewalk after accident at place where injury occurred, such testimony being irrelevant and inadmissible and prejudicial to the defendant.

(2) Because his Honor erred in admitting in evidence, over objections of defendant, testimony of plaintiff and his witnesses, and witnesses for defendant while on the cross-examination, as to changes and repairs in sidewalk, made after accident, at place where injury occurred, and as to defects in sidewalks and streets not alleged in the complaint, such testimony being irrelevant and inadmissible and prejudicial to defendant.

(3) Because his Honor erred in admitting the testimony of defendant's witnesses, E. H. Hawes, city engineer, and A. C. Watson and R. R. Bruner, commissioners, while on

the cross-examination, over defendant's objections, as to defects in other sidewalks and streets not alleged in the complaint, and as to other water meters on streets not alleged in the complaint, such testimony being irrelevant, inadmissible, and highly prejudicial to the defendant.

(4) Because his Honor erred in permitting, over defendant's objections at the time, one of plaintiff's counsel to make the following statement in his argument to the jury: "That he had on yesterday heard a conversation between a visiting attorney and Mr. Hawes, the city engineer, in which conversation Mr. Hawes had stated that they had voted a $1,000,000 bond issue on the city for the purpose of improving the streets and sidewalks, and that the visiting attorney, in reply to Mr. Hawes, had stated, 'If you put upon the city of Orangeburg a bonded debt of $1,000,000 to repair the streets and sidewalks, the streets and sidewalks of Orangeburg must be in a devil of a fix.' " This statement, unsupported by the record, was harmful, and highly prejudicial to the defendant.

(5) Because his Honor erred in not granting defendant's motion for a new trial, made at the proper time, on the ground that the language or statement of counsel in his argument to the jury, quoted in exception 4 above, was not supported by the record, and was prejudicial and harmful to defendant.

*Messrs. John S. Bowman* and *Adam H. Moss,* for appellant, cite: *Testimony showing subsequent precautions to prevent a similar accident was improper*: 144 U. S., 202; 80 S. C., 314; 108 S. C., 348; 51 S. C., 242; 77 S. C., 72. *As was testimony as to defects in other streets and sidewalks:* 17 S. C., 134; 47 S. C., 30; 89 S. C., 384; 82 S. C., 348; 45 S. C., 281; 33 S. C., 198; 90 S. C., 271. *Statement of counsel to jury was harmful and improper*: 77 S. C., 408; 61 S. E., 1064.

*Mr. Robert Lide,* for respondent, cites: *Evidence relevant to show condition of street before, at time of, and after accident*: 84 Conn., 613; 85 Conn., 486; Ann Cas., 1914C, 876; 59 S. E., 94; 60 S. E., 1087; 130 S. W., 778; 111 S. W., 279; 104 Atl., 194; 205 Ill App., 283; 177 Pac., 561; 132 Pac., 187; 164 Ill. App., 335; 165 Ill. App., 234; 151 N. W., 74; 148 Pac., 39; 152 N. W., 470; 168 S. W., 889; 164 S. W., 332; 98 N. W., 131; 105 N. W., 651; 89 N. W., 568; 105 N. W., 9; 75 N. W., 1121; 66 S. E., 724; 90 N. W., 526; 106 Pac., 924; 128 N. W., 308. *Order refusing amendment is appealable*: 98 S. C., 432. *Argument was inference to be drawn from testimony*: 77 S. C., 409; 65 S. C., 247; 86 S. C., 370.

February 27, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant in its argument states the case as follows:

"This is an action to recover damages for personal injuries ·alleged to have been sustained by the plaintiff by reason of the alleged negligence of defendant. The particular delict alleged, and that to which the testimony was directed, was the maintenance by the city of an alleged water 'cut-off' on and near the edge of a sidewalk of one of its streets. The answer was a general denial of the allegations of the complaint. The case was first tried before Hon. I. W. Bowman, Circuit Judge, with a jury, at the June, 1919, term of Court of Common Pleas for Orangeburg, and resulted in a directed verdict in favor of defendant. Plaintiff appealed, and the judgment of the lower Court was reversed, and the case remanded for a new trial. 113 S. C., 489; 101 S. E., 834. The case was then tried before Hon. James E. Peurifoy, Circuit Judge, with a jury, at the March term of Court of Common Pleas for Orangeburg County, and resulted in a verdict for plaintiff

in the sum of $5,000. In due time the defendant's attorneys made a motion before the Court to set this verdict aside, on the ground that one of the plaintiff's attorneys, in the course of his argument to the jury, used the following language: "That he had on yesterday heard a conversation between a visiting attorney and Mr. Hawes, the city engineer, in which conversation Mr. Hawes had stated that they had voted a $1,000,000 bond issue on the city for the purpose of improving the streets and sidewalks, and that the visiting attorney, in reply to Mr. Hawes, had stated, "If you put upon the city of Orangeburg a bonded debt of $1,000,000 to repair the streets and sidewalks, the streets and sidewalks of Orangeburg must be in a devil of a fix" ' which language, defendant's counsel contended, was unsupported by the record, was prejudicial, and was made and stated to the jury over previous objection to counsel going out of the record in referring to streets and sidewalks in other parts of the city, and after the Court had cautioned plaintiff's said attorney to confine himself to the record and the testimony, which motion was overruled. The defendant in due time served notice of its intention to appeal, and also its proposed case and exceptions. The plaintiff then proposed an amendment to the case and exceptions, and the defendant gave notice that it disallowed the proposed amendment.

"The matter was then submitted to Judge Peurifoy for settlement. He thereupon passed an order disallowing the proposed amendment, and adjudged that the proposed case without the said amendment be the case for appeal."

### POINTS AND AUTHORITIES

"Exception 1 should be sustained. The testimony complained of showed that the defendant, after the occurrence of the accident resulted in the injury complained of, took additional precaution to prevent the recurrence of such an accident, made the sidewalk wider at the place of the ac-

cident. Such testimony, particularly in this case, is inadmissible for that purpose."

1, 4 Whether testimony is admissible or not must depend largely upon the case. If the testimony offered tends to prove a fact in issue, unless it violates some rule, it is admissible. If it tends to prove a fact not in issue, it is irrelevant, and should be excluded. The admission may or may not be prejudicial. If it tends to prove a fact not only in issue, but tends to confuse the issue, it must be excluded, and its admission is reversible error. Ordinarily evidence that a defendant changed conditions after an accident is inadmissible, because it tends to prove a confession by the defendant that a defect existed at the time of the accident. Men would be deferred from making changes, and sometimes necessary changes, if evidence of a change of conditions shall be used against them. It is manifest that all evidence of a change is not irrelevant. If the question was, Can you see from one point to another? it is manifest that the witness shall be allowed to inquire, Do you mean at the time of the accident or now? If it be true that at the time of the accident there was an obstruction between the two places and it has since been removed, the answer would be at the time of the accident that you could not see; how can you see? In this case one of the witnesses asked that question. The plaintiff was attempting to prove, and the evidence did not tend to prove the forbidden fact, that the defendant had cured a defect at this particular place. There had been a $1,000,000 bond issue to fix all the streets in Orangeburg, and a general change all over the city, and it was necessary to know whether the witness was speaking of conditions at the time of the accident or the time of the trial. There was no error in admitting testimony that was necessary to a proper understanding of the case. It did not tend to prove a confession of negligence.

II. The next assignment of error is in allowing the plaintiff to examine witnesses as to other obstructions in other places. The witnesses were those charged with the maintenance of the streets. There is a very common error that, where one has had an inspection made, he has shown the absence of negligence. The plaintiff has the right to show that the defendant has employed a negligent inspector. These questions were on the cross-examination, and tended to show negligence in inspection. There was no error here.

III. The next assignment of error is:

"Because his Honor erred in permitting, over defendant's objection at the time, one of plaintiff's counsel to make the following statement in his argument to the jury: 'That he had on yesterday heard a conversation between a visiting attorney and Mr. Hawes, the city engineer, in which conversation Mr. Hawes had stated that they had voted a $1,000,000 bond issue on the city for the purpose of improving the streets and sidewalks, and that the visiting attorney, in reply to Mr. Hawes, had stated, "If you put upon the city of Orangeburg a bonded debt of $1,000,000 to repair the streets and sidewalks, the streets and sidewalks of Orangeburg must be in a devil of a fix." ' This statement, unsupported by the record, was harmful, and highly prejudicial to the defendant."

It is always bad practice to go out of the record. It can do no good and it may make harm. Where it is calculated to do harm, it will be treated as prejudicial, and a new trial granted. This Court does not see how the remarks could have done any harm. The Circuit Judge, who was in the atmosphere of the trial, did not think so. The words of themselves did not tend to excite passion, or to arouse prejudice, nor were they calculated to appeal to unworthy motives. The words in themselves did not

tend to prejudice the appellant's case.  We cannot find prejudicial error.   This exception is overruled.

The fifth exception has already been considered.  The exceptions to the settlement of the case need not be considered.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN concur.

MR. JUSTICE WATTS *did* not participate on account of sickness.