## 12060

### GREEN v. ATLANTIC COAST LINE R. CO.

(134 S. E., 385)

1. APPEAL AND ERROR.—On appeal from orders refusing motions for nonsuit and directed verdict, evidence must be taken with inferences most favorable to plaintiff.

---

NOTE: Subsequent changes or repairs not proof to establish liability for negligence, see 18 R. C. L., p. 626; 3 R. C. L. Supp., p. 833.

2. MASTER AND SERVANT.—Brakeman's evidence of injuries by limb of tree knocking him from top of train *held* for jury.

3. MASTER AND SERVANT—EVIDENCE OF REMOVAL OF LIMB OF TREE WHICH KNOCKED BRAKEMAN FROM TRAIN HELD ADMISSIBLE, WHERE LIMITED BY INSTRUCTION.—In brakeman's action for injuries sustained when knocked from moving train by limb of tree, evidence that after accident section foreman sawed off overhanging limb *held* properly admitted, its use being limited by instruction.

4. COURTS.—The United States Supreme Court will not consider merely incidental questions not federal in character.

Before MANN, J., Florence, February, 1925. Affirmed.

Action by E. B. Green against Atlantic Coast Line Railroad Company. Judgment for plaintiff, and defendant appeals.

*Messrs. F. L. Wilcox* and *A. L. Hardee,* for appellant, cite: *Evidence of change made in machinery by employer after accident not admissible as evidence of negligence before accident:* 110 S. C., 560; 80 S· C., 310; 144 U. S., 202; 36 L. Ed., 405; 294 F., 795; 74 F., 159; 60 F., 73; 55 F., 697. *Interpertation of Common Law by Federal Courts controlling in action under Federal Employers' Liability Act; negligence essential to recovery; burden of proof is question of substance and not subject to State control:* 247 U. S., 367; 62 L. Ed., 1167. *Effect of defense of assumption of risk determined by Federal Employers' Liability Act:* 254 U. S., 43; 65 L. Ed., 120. *In action under Federal statute in State court duty of master to servant is Federal question:* 266 U. S., 449; 69 L. Ed., 372; 266 U. S., 147; 69 L. Ed., 212; 229 U. S., 265; 57 L. Ed., 1179. *Rule of assumption of risk:* 128 S. C., 47; 254 U. S., 415; 65 L. Ed., 335; 254 U. S., 43; 65 L. Ed., 120; 241 U. S., 229; 60 L. Ed., 970; 8 F., 2nd, 300. *Directed verdict proper:* 266 U. S., 521; 69 L. Ed., 419. *Testimony conflicting with physical facts not entitled to credence:* 8 F., 2nd, 128. *Federal Employers' Liability Act Supreme where interstate commerce concerned:* 121 S. C., 49.

*Messrs. R. E. Whiting* and *D. Gordon Baker,* for respondent, cite: *Non-suit properly denied:* 117 S. C., 78; 94 S. C., 324; 68 S. C., 13; 63 S. C., 559. *Weight of evidence question for jury:* 227 U. S., 434, 57 L. Ed., 586; 17 Wall, 590; 21 L. Ed., 692. *Inferences from testimony to be drawn by jury:* 84 U. S., 657, 21 L. Ed., 745. *Case properly not considered on principles of Common Law laid down by Federal Courts:* 104 S. C., 16; 99 S. C., 417; 245 U. S., 637; 62 L. Ed., 525. *When issues of negligence should go to jury:* 124 S. C., 314; 191 U. S., 64; 48 L. Ed., 96. *Credibility of witness question for jury:* 117 S. C., 44; 93 S. C., 74. *Proximate cause question for jury:* 114 S. C., 156; 94 U. S., 469, 24 L. Ed., 256. *Whether injured employee acting within scope of employment question for jury:* 118 S. C., 228; 98 S. C., 348; 67 S. C., 391; 25 S. C., 238; 18 R. C. L., 580. *Burden on defendant to prove assumption of risk:* 130 S. C., 458; 128 S. C., 47; 123 S. C., 109; 122 S. C., 541; 120 S. C., 333; 112 S. C., 541. *On appeal from State Court, U. S. Supreme Court can only consider Federal questions:* 238 U. S., 507; 59 L. Ed., 1433; 237 U. S., 369; 59 L. Ed., 1000; 236 U. S., 668; 59 L. Ed., 777; 236 U. S., 507, 59 L. Ed., 1433; 229 U. S., 265; 57 L. Ed., 1179; 225 U. S., 477, 56 L. Ed., 1171; 210 U. S., 281; 52 L. Ed., 1061; 13 Wall., 257. *Admissibility of evidence of alterations subsequent to accident:* 118 S. C., 361; 110 S. C., 560; 99 S. C., 104; 80 S. C., 310; 77 S. C., 69; 51 S. C., 222; 191 U. S., 64; 48 L. Ed., 96; 69 F., 139; 16 C. C. A., 182; 175 N. C., 469; 18 R. C. L., 627; 29 Cyc., 618; 4 Labatt's Master & Servant, 2nd Ed., 4833.

August 27, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for $25,000 damages on account of personal injuries sustained by the plaintiff, a brakeman upon one of the defendant's freight trains, near Ebenezer, S. C., on July 3, 1920, alleged to have resulted from the negligence of the

defendant in allowing a limb from an oak tree to extend across the track, by which he was, while upon the top of the caboose, in the discharge of his duty, knocked off of the moving train to the ground and seriously injured. The case was tried before his Honor, Judge Mann, of the Circuit Court, at Florence, in February, 1925, and resulted in a verdict of $10,000 in favor of the plaintiff. From the judgment entered upon this verdict the defendant has appealed.

The evidence for the plaintiff, which, in reviewing an appeal from orders refusing motions for nonsuit and directed verdict which were made and refused, must be taken with inferences most favorable to the plaintiff, tended to show the following facts:

The plaintiff was employed by the defendant as a freight train brakeman, and at the time of his injury was engaged as such upon a train running from Augusta to Florence, under the control of Conductor McBratney; the train had left Sumter at about ——— a. m.; just after leaving Timmonsville, which is between Sumter and Florence, the conductor entered the caboose where the plaintiff was sitting, and without saying anything threw into his lap a telegraphic message addressed to the conductor directing him "to close the vents and drains" on a car of bananas in the train; the words of the message were blurred, and the plaintiff inquired of the conductor, "Is this vents and drains?" and was answered, "Yes"; nothing more was said; the plaintiff construed the action of the conductor as a direction to him to carry out the terms of the message, left the caboose, climbed on top of the box car next to the caboose which was the banana car, examined the vents, found them closed, and returned to the rear end of the caboose, on top; as the train passed a point near Ebenezer, which is between Timmonsville and Florence, the plaintiff on top of the caboose, at the rear end, facing the direction from which the train had come, with his back towards the engine, was struck by an overhanging limb, knocked off to the ground, and sustained serious bodily injury.

With this evidence before the Court, it is impossible for the presiding Judge rightly to have granted the motion of the defendant for a nonsuit; and, while the evidence for the defendant throws much doubt upon the truth of the plaintiff's testimony, the issue was for the jury, which he would not have been warranted in withdrawing from them by directing a verdict for the defendant. For the same reason it cannot be said that he abused his discretion in refusing the defendant's motion for a new trial.

The evidence tended to show that the limb of the oak tree extended over the track, high enough from it and low enough from the top of the caboose to strike a man standing there, making it a question for the jury whether the master had fulfilled its duty to provide for the servant a reasonably safe place to work; that the plaintiff was at least where he thought he had a right to be, and whether he was justified in so thinking presented an issue of fact; that the plaintiff did not know of the defect in his place of work, and could not therefore have appreciated the danger from the extended overhanging limb, which made his assumption of risk a question for the jury.

There are several suspicious circumstances connected with the plaintiff's version, which cast considerable doubt upon the cause and manner of his fall. The plaintiff was found unconscious in the ditch by the side of the track, 75 feet south of where the oak tree stood; the fall occurred at a point almost opposite his mother's home, some 200 yards away, and he was accustomed to mount the caboose that she might see him as the train passed; there was evidence that lumps of ice were on top of the banana car, on the ground where he fell, and about 50 pounds carried to the home of his mother; that he and his mother had had words about his taking ice from cars; he was, as he declares, struck by the limb from the rear, he facing the opposite direction, making it difficult for him to state what had struck him; he declared that he had never noticed the overhanging limb; his natural

course would have been to pass through the caboose, climb
the ladder on the banana car, examine the vents, and return
the same way; instead, he crossed over the gap between the
banana car and the caboose and went to the rear end of the
caboose; it is inconceivable that the conductor intended that
he should close the vents when they were already closed or
close the drains, which were at the bottom of the car, while
the train was in motion. These inconsistencies, however,
were doubtless presented to the jury, whose province it was
to pass upon them and to the Circuit Judge upon motion for
a new trial, which he refused. However doubtful we feel
as to the justice of the judgment, this Court is powerless to
intervene.

This leaves for consideration only the exception
3  charging error in the admission of testimony to the
effect that after the accident the section foreman
sawed off the overhanging limb. The objection to this tes-
timony is based upon the ground:

"The taking of such precautions against the future is not
to be construed as an admission of responsibility for the
past, has no legitimate tendency to prove that the defendant
had been negligent before the accident happened, and is cal-
culated to distract the minds of the jury from the real issue
and to create a prejudice against the defendant."

The rule in this State, and we think everywhere else, is
that such testimony cannot be received as evidence of neg-
ligence, but that it may be received for the purpose of recon-
ciling the condition of the place or appliance at the time of
the trial with that at the time of the accident; and after its
receipt the presiding judge should carefully instruct the jury
to its purpose. *Farley v. Basket Co.,* 51 S. C., 222; 28 S. E.,
193, 401; *Worthy v. Oil Mill,* 77 S. C., 69; 57 S. E., 634;
12 Ann. Cas., 688; *Plunkett v. Clearwater Bleachery &
Mfg. Co.,* 80 S. C., 310; 61 S. E., 431; *Anderson v. Lum-
ber Co.,* 99 S. C., 100; 82 S. E., 984; *Eargle v. Sumter
Lighting Co.,* 110 S. C., 560; 96 S. E., 909; *Holmon v. City,*

118 S. C., 361; 110 S. E., 674; *Choctaw, O. & G. R. Co. v.. McDade,* 191 U. S., 64; 24 S. Ct., 24; 48 L. Ed., 96; 18 R. C. L., 627; 4 La Batt (2nd Ed.), 4833; 29 Cyc., 618.

Mr. Wigmore characterizes evidence of this kind as "mul-. tiple evidence," that is, evidence which is admissible for a specific purpose to which it must be confined, and inadmissible to prove a different fact. He says in reference to it:

"When an evidentiary fact is offered for one purpose, and becomes admissible by satisfying all the rules applicable to it in that capacity, it is not inadmissible because it does not satisfy the rules applicable to it in some other capacity and because the jury might improperly consider it in the latter capacity." Wig., Ev. (1st Ed.), 42.

He adds:

"Here the only question can be what are the proper means for avoiding the risk of misusing the evidence. It is uniformly conceded that the instruction of the Court suffices for that purpose; and the better opinion is that the opponent of the evidence must ask for that instruction; otherwise he may be supposed to have waived it as unnecessary for his protection."

The charge of the presiding judge shows that he was particular to confine the evidence to the purpose for which it was admissible, specifically stating that it could not be considered as evidence of the defendant's negligence.

The plaintiff's case depended upon his establishing the fact that the limb extended over the caboose at the appropriate height to strike him. At the time of the trial the limb was not there; and, as the Chief Justice remarks in the case of *Plunkett v. Clearwater Bleachery & Mfg. Co.,* 80 S. C., 310; 61 S. E., 431, if the plaintiff be not allowed to prove the subsequent change in the situation, "the case would be determined upon subsequent facts, and not upon those existing at the time of the injury." Unquestionably if some one not connected with the railroad company had sawed the limb off, we apprehend that there would be no objection to

the evidence. The fact that because the agent of the railroad had done it could not affect the admissibility of the evidence; it only imposed upon the trial Judge the duty of giving to the jury the proper limiting instructions.

Counsel for the defendant insists that, the action being one under the Federal Employers' Liability Act (U. S. Comp. St., §§ 8657-8665), this Court is bound by the decisions of the Federal Court holding that such evidence is not admissible. We do not understand that the rule in the Federal Courts is at all at variance with the rule in this Court. *Choctaw, O. & G. R. Co. v. McDade,* 191 U. S., 64; 24 S. Ct., 24; 48 L. Ed., 96. But if it was, the Supreme Court of the United States will not consider merely incidental questions not Federal in character. *Seaboard Air Line R. Co. v. Padgett,* 236 U. S., 668; 35 S. Ct., 481; 59 L. Ed., 777; *Central Vermont R. Co. v. White,* 238 U. S., 507; 35 S. Ct., 865; 59 L. Ed., 1433, Ann. Cas., 1916-B, 252; *St. Louis, I. M. & S. R. Co. v. McWhirter,* 229 U. S., 265; 33 S. Ct., 858; 57 L. Ed., 1179; *Seaboard Air Line R. Co. v. Duvall,* 225 U. S., 477; 32 S. Ct., 790, 56 L. Ed., 1171; *St. Louis, I. M. & S. R. Co. v. Taylor,* 210 U. S., 281; 28 S. Ct., 616; 52 L. Ed., 1061; *Minneapolis, St. P. & S. S. M. R. Co. v. Poplar,* 237 U. S., 369; 35 S. Ct., 609; 59 L. Ed., 1000.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES WATTS, BLEASE, and STABLER concur.

CHIEF JUSTICE GARY did not participate.

MR. JUSTICE BLEASE: I concur fully with the legal conclusions of MR. JUSTICE COTHRAN, but not with his opinion as to the plaintiff's case. The jury saw plaintiff when he testified and, evidently, believed his statements. Perhaps they did not agree with the efforts of the defendant to discredit plaintiff; the verdict so indicates. I am not prepared to say the jury was wrong in its estimate.