1663

Thomas E. WHELAN, Respondent v. Thomas F. WELCH, d/b/a Welch Roofing, Appellant v. MASONITE CORPORATION, Respondent.

(405 S.E. (2d) 836)

Court of Appeals

*Jack D. Simrill,* Hilton Head Island, *for appellant.*

*John R.C. Bowen,* Hilton Head Island and *James S. Gibson, Jr.,* Beaufort, *for respondents.*

Heard April 9, 1991.

Decided May 28, 1991.

GARDNER, Judge:

In this case a homeowner, Thomas E. Whelan, who is not a party on appeal, sued Thomas F. Welch for negligently installing a roof on his home. Welch then sued Masonite Corporation on a third party complaint alleging negligence and breach of warranty. The trial judge directed a verdict for Masonite on the negligence claim, and the jury returned a verdict for Whelan against Welch and for Masonite on the warranty claims. We affirm.

## ISSUES

The issues of merit are (1) whether the trial judge erred in directing a verdict for Masonite on the negligence claim, and (2) whether the trial judge erred in withdrawing from evidence Masonite's instructions 301 which were circulated more than a year after the installation of the roof on Whelan's home.

## FACTS

We review the essential facts in a light most favorable to Welch. Whelan and Welch entered into a contract on September 26, 1985, in which Welch agreed to install a Masonite roof on Whelan's home. Welch installed the Masonite roof. Shortly thereafter, Whelan began to complain about leaks, and after many complaints and long negotiations, this suit was instituted.

Welch attempted to show and did elicit some evidence that most of the leaking occurred in the valleys of the roof. The record reflects that in installing the roof, Welch did not remove the worn flashing from the valleys. The valley flashing is an appropriately shaped piece of metal that lies in the valley under the shingles. Both outer edges of the flashing are indented or raised generally in an inverted "V" shape to form a water guard edge. If the water guard edge is flattened, the roof might leak. A water guard edge protector, as those words are used in this case, is simply a ½" x 1½" wood strip tied adjacent to the water guard edge which is designed to prevent crushing the water guard edge when nailing the shingles.

## DISCUSSION

### I.

We reject Welch's contention that the trial judge erred in directing a verdict in favor of Masonite as to the negligence cause of action.

On appeal from an order granting a directed verdict, this Court views the evidence and all reasonable inferences deductible therefrom in a light most favorable to the party against whom the directed verdict was granted. If the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created and the motion should have been denied. *Claytor v. General Motors Corp.*, 277 S.C. 259, 286 S.E. (2d) 129 (1982).

In viewing the evidence and all reasonable inferences deductible therefrom in a light most favorable to Welch, we find that the evidence as a whole discloses negligent installation on the part of Welch and no evidence of negligence on the part of Masonite.

As an illustration, Masonite instructions 502 required that the Masonite roofing be applied only to a solid roof plywood sheathing or similar solid sheathing. Welch applied the Masonite roofing to existing spaced sheathing or 1 x 4 wood sheathing which was spaced in many instances, and many of the nails went through the open space of the sheathing leaving the shingles unanchored. Additionally, the evidence reflects that Welch failed to replace the defective flashing, some of which had nail holes in it. No purpose would be served in a detailed review of the evidence which we hold reflects that the defects in the roof which Welch installed were brought about by Welch's negligence and not by negligent instruction on the part of Masonite.

## II.

We reject Welch's contention that the trial judge erred in withdrawing from evidence Masonite's instructions 301[1] which were published a year or more after Welch's installation of the roof on Whelan's home. Welch argues that he should have been permitted to introduce instructions 301 as evidence of Masonite's negligence.

*Green v. Atlantic Coast Line R. Co.*, 136 S.C. 337, 134 S.E. 385 (1926), sets forth the established law of this state relating to the rule excluding evidence of subsequent remedial measures such as the defendant's repairing or improving the in-

---

[1] These instructions required that water guard edge protectors be installed along the valley flashing.

jury producing object or place after the injury or damage has incurred; we quote:

> The rule in this State, and we think everywhere else, is that such testimony cannot be received as evidence of negligence, . . . .

136 S.C. at 342, 134 S.E. at 386.

The above is consistent with the basic rule in the Federal system. *See* W. Riser, Jr., *A Comparison of the Federal Rules of Evidence with South Carolina Evidence Law*, 21 (4th ed. 1990). The rule is also consistent with the Uniform Rules of Evidence. *See* Unif. Rules of Evidence, Rule 407, 13A U.L.A. 229 (1986). In light of the above authorities, we find that the trial judge properly withdrew instructions 301 from evidence.

The remaining issues are without merit.

### CONCLUSION

We have carefully studied the record in this case. Considering the evidence as a whole and in a light most favorable to Welch, we hold that the evidence of record is susceptible to no inference other than that concluded by the trial judge when he directed a verdict in favor of Masonite in Welch's negligence cross action. Additionally, in light of the long-accepted rule relating to subsequent remedial measures, we find no error in the trial judge's removal from evidence of Masonite's instructions 301. Accordingly, we affirm the appealed order, verdict and judgment entered thereon.

Affirmed.

SANDERS, C.J., and SHAW, J., concur.